## CHANEY PLEAS v. PATRICK THOMAS.

1. **RIGHT OF WAY.** *Grant implied of necessity. Sale of interior land.*
   One who sells land wholly surrounded by other lands of the seller, impliedly grants a right of way to and from the interior tract sold over the exterior lands retained.

2. **SAME.** *Reservation of implied, of necessity. Sale of exterior tract.*
   When one sells his exterior and surrounding lands, retaining an interior tract, he impliedly reserves a right of way to and from the latter.

3. **SAME.** *Sale of tract surrounded by land of grantor and of others.*
   When one sells lands surrounded in part by his other land and in part by the lands of strangers, a grant is implied of a way to and from the land sold over the exterior land of the seller.

4. **SAME.** *Controversies concerning. Rule for locating.*
   In case of controversy concerning a right of way implied from a grant of interior land, the court should, upon establishment of the grant, so locate the way as to do substantial justice to the owner of the right, but not so as to unnecessarily damage his adversary.

5. **SAME.** *Conveyance*
   A conveyance of land to which pertains a right of way by necessity over other lands, carries such right to the grantee; the right exists for the benefit of the party in whose favor it is granted or reserved, his tenants and subsequent vendees.

FROM the chancery court of Holmes county.
HON. A. M. BYRD, Chancellor.
Opinion states the case.

*Hooker & Wilson*, for appellant.

A way of necessity arises when the owner sells land to another, which is wholly surrounded by land of the grantor, or partly by lands of the grantor and partly by land of a stranger, in which case a purchaser has the right of way through the grantor's land to arrive at his own. 19 Am. & Eng. Enc. L., 96. The same rule will apply if the grantor retains the interior, and grants away the exterior, land. *Ib.;* 38 Pa. St., 487; 4 Gray (Mass.), 297; 64 Am. Dec., 76; 14 N. J., 44; 78 Am. Dec., 108; 7 H. & N., 732; 29 Texas, 74; 94 Am. Dec., 260; 56 N. H., 306.

In leading cases, American Law of Real Property (Sharswood & Budd, vol. 4, pp. 191–193, note), the principles of implication of a way of necessity are discussed. After laying down the proposition, supported by numerous authorities, that when land is sold or leased and is so situated that access to it from the highway cannot be had except by passing over other land of the grantor or lessor, the grantee or lessee becomes entitled to a right to pass over the lands of his grantor or lessor for the purpose of reaching a highway and returning to his own land, the author says "that the same implication of a way of necessity will arise in favor of land retained as in favor of that granted." Citing 56 N. H., 307; 6 Cush., 132; 15 Conn., 39; 18 *Id.*, 321. In 50 Miss., 414, the same principle is laid down. "An easement," says the court, "may be created or reserved when its existence is necessary to the enjoyment of that which is created or reserved, upon the principle that where one grants a thing to another, he thereby grants him the means of enjoying it, whether expressed or not. If A sell to B a parcel of land surrounded by other lands, and there is no access to the granted premises but over his own land, this gives the purchaser a right of way by implication over the seller's land." Citing with approval .2 Mass., 203; 11 Me., 155; 8 Mass., 411; 136 Mass., 575; 2 Pick., 574. These last cited cases being where the question of implied reservation of right of way

arose by reason of sales of different parcels of the debtor's land under executions, it being holden that there will be a way of necessity in favor of the part so cut off over the portion between it and the road.    See, also, Washburn Real Property, vol. 3, p. 306, sec. 11, where the illustration is put, that if a person owns three tracts of land, and sells the two outside tracts, he has the right, in case of necessity, to pass through the tracts sold to reach the tract retained.    21 N. Y., 505; 18 N. J., 260;  38 Wis., 559.

This court, in the case of *Bonelli* v. *Blackmore*, 66 Miss., 136, in its discussion recognizes the principles herein contended for, that a right of way by necessity may be granted or reserved by implication.    It is true that the question was not necessarily involved in that case, as the court held that the way claimed was not one of necessity, and the way there involved was a noncontinuous easement, and did not pass under the deed. But the decision recognizes to its full extent the principles of law for which we contend.    The grantors, from the circumstances of the case, reserved a way of necessity over the lands conveyed to their grantee, Thomas, and whilst it might apparently be in derogation of their grant and warranty, still, under the law, from the necessity of its existence to the enjoyment of the land reserved, it will be implied.    In the reported cases, this way of necessity by implication over the granted lands, was in derogation of the grant and warranty of the grantor, and the doctrine of estoppel could not be invoked.    The grantee's remedy is on a suit for a breach of the warranty.    If the McLeods had a right of way by necessity over the defendant's lands, it passed by their deed to complainant herein.    66 Miss., 136;  50 Miss., 410;  4 Am. Lead. Cases on Real Property, p. 221;  55 N. Y., 98;  6 Col., 98;  30 N. H., 380;  112 Mass., 224;  38 Conn., 566;  43 Ind., 30;  110 Ind., 117;  Devlin on Deeds, sec. 863.    It has been suggested that the existence of a statute authorizing the condemnation of land for private ways operates to do away with the right of way by necessity.    The

existence of such statutes in no manner affects the implication of a way of necessity. 4 Am. Lead. Cases on Real Property, 196; 15 Conn., 39.

*Noel & Pepper*, for appellee.

The deeds show that appellee acquired his rights about a year prior to appellant. His deed is a warranty deed. Appellant's bill was drawn upon the theory that her purchase was prior to that of appellee, and that, by implication, she was granted the right of way across the land subsequently purchased by appellee. The bill shows that appellant never had any fixed or certain route across appellee's land, and that it had been changed a number of times, and was seriously obstructed. No mandatory injunction was sought, but only one restraining further prosecution and threats.

There are three modes by which easements may be acquired, namely, by express grant, implied grant, and prescription. Prescription presupposes a grant to have existed. But this is merely saying that an easement, being an interest in land, can be created only by grant, the existence of which may be established by production of a deed expressly declaring it, or may be inferred by construction from the terms and effect of an existing grant, or a grant may be inferred from the right having been enjoyed for a great length of time. In case of an express grant, the fact of the creation of the easement, as well as its nature and extent, is determined by the language of the deed, taken in connection with the circumstances existing at the time of its execution. An easement may be created or reserved by an implied grant when its existence is necessary to the enjoyment of that which is expressly granted or reserved, upon the principle that where one grants anything to another, he thereby grants him the means of enjoying it, whether expressed or not. Perhaps the most delicate jurisdiction ever exercised by a court of chancery is to restrain by injunction the use of property by the owner, on the allegation that such use will be annoy

ing or injurious to the property of another. *Green* v. *Lake,* 54 Miss., 542.

If, under any circumstances, equity would give relief, as against appellee, a *bona fide* purchaser for value, it should be in a manner least detrimental to him, which, in this case, would be a way across his pasture, one hundred yards, to the Bowling Green road. But this relief was not asked. A way is not the right of wandering everywhere on the land over which it is exercisable. *Long* v. *Gill,* 80 Ala., 408. A way, therefore, must be defined, it must have its limits and termini. *Oliver* v. *Hook,* 47 Md., 301. For, as said by Morton, J., in *Jones* v. *Percival,* 5 Pick., 485, "a way, *ex vi termini,* imports a right of passing in a particular line," and equity will not establish or protect a way which is too indefinite for a determinate description. *Fox* v. *Pierce,* 50 Mich., 500. A way of necessity is not implied unless the land conveyed is wholly surrounded by that of the grantor. *Presp.* v. *Patterson,* 29 Me., 499. This was not the appellant's case. "Mere convenience and usefulness will not establish a right to a way of necessity." *Atkyns* v. *Bordman,* 4 Leading Cases of American Law of Real Property, 194, and authorities there cited. "The right cannot exist where the highway can be otherwise reached." *Ib.,* and authorities there cited. Appellant could otherwise reach the highway.

WOODS, C. J., delivered the opinion of the court.

At and before the time the appellee purchased his land from the McLeods, the appellant was occupying her little lot of ground under a verbal contract of purchase from the McLeods, and was, and for some considerable space of time had been, using, as a way of ingress and egress to and from her premises, the old wood road of the McLeods, which wood road is, substantially, the private way of necessity now claimed by appellant in this suit. It is true that appellant acquired her paper title to her lot of ground about a year after the appellee acquired his,

but this fact will not deprive her of her right to a way of necessity over his lands. For, when he acquired title to his exterior lands, which partially surrounded the interior lot then occupied by appellant, and title to which was retained by the McLeods, his vendors, this old wood road not only existed and was used by appellant in passing to and from her house, but it was and is the most convenient way of ingress and egress for persons using and occupying appellant's premises. It is wholly immaterial that appellant did not secure a paper title to her interior lot until after appellee had secured his to the exterior partially surrounding lands, and that he might, therefore, have regarded her as only a tenant of the McLeods when he bought and had his title deed put to record, for the reason that the McLeods, the then owners of both pieces of land, that of appellant and that of appellee, for themselves, their tenants, and their subsequent vendees, by implication retained a right of way of necessity over the exterior lands so acquired by appellee. Now, as already stated by us, this way was then marked out and in use by appellant, and was, as we understand the evidence, the nearest and most convenient route by which Lexington, the county town close at hand, and the public highway leading to it, could be reached.

It is well settled law that one who sells a parcel of land to another which is wholly surrounded by the other lands of the seller, impliedly grants a right of way to the interior lot so sold over the exterior lands retained. And when one sells his exterior and surrounding lands, but retains the interior lands for himself, the rule is the same as to a way of necessity over the exterior lands. And when one sells interior lands surrounded in part by the other lands of the seller and in part by the lands of strangers, the implied grant of a way to the interior land exists over the exterior lands of the seller. The reasons need not be sought afar, for they are obvious at a glance, and they are these—viz.: (1) The owner of the interior land could neither reach nor use his land unless a way to it existed

or was capable of being brought into existence, the right to use, occupy and enjoy being essential to impart value to the land; and (2) this essential right is to be sought in the grant of the seller of the interior lot, and the buyer is not to be driven to seek to acquire a way over the lands of other adjoining owners. Naturally he would have, under such circumstances, no right to make and use a way over the lands of third parties, and, by law, he could only hope to do so by costly and vexatious proceedings, whereas, by the conveyance of the interior lot, everything was granted which was absolutely prerequisite to reaching and occupying and using the interior lot.

It is idle to talk about the appellant having and being able to maintain a right to a way over Rhynes' or Byron's and the town's cemetery land. She has no such way, and had not when either she or appellee bought their lands from the McLeods. It is true she might be permitted to make a way over Rhynes' land, or over Byron's, and that of the town, but she has no right so to do. If allowed, it would be purely of grace on the part of the stranger owners.

The principles of law governing the case are not doubtful, but their application to its peculiar facts is difficult and delicate. To compel appellee to abstain from interference with appellant, or her family, in the use of the old road, as laid down on the map shown in the transcript, or as deflected, by reason of obstructions placed in and across the old way by appellee, would, it seems to us, prove unnecessarily burdensome and hurtful to appellee. If a way near the old one can be found, it would appear harsh and oppressive to now, in effect, require the appellee to reopen the original way by tearing down fences or buildings and reopening gardens or other inclosed lots about his residence. But that the appellant must be permitted to use a way, and a convenient way for all ordinary purposes, is too clear for controversy, and, as we see the physical facts disclosed in the record, no great difficulty will be encountered by the court below in granting the substantial relief prayed by appellant, on

the one hand, and in so granting this relief as not to seriously damage appellee's property, as it now stands, on the other hand. If necessary to this end, the appellant should be permitted to amend her bill on this point and in this particular.

*The decree of the court below is reversed, the injunction restored, and the cause remanded for further proceedings.*