CASE 19—IN EQUITY—JUNE 15.

# J. N. Estep v. J. E. Hammons.

APPEAL FROM OWSLEY CIRCUIT COURT.

1. ELECTION—INCONSISTENT CAUSES OF ACTION.—An action to enforce a right of way by necessity is not inconsistent with an action to reform the deed by which the dominant estate is conveyed so as to make it include a right of way alleged to have been omitted by mistake.

2. EASEMENTS—RIGHT OF WAY FROM NECESSITY.—A sale of land from which egress to a public highway can only be had over the lands of the grantor or over those of him and others carries with it by operation of law a convenient passway over the grantor's other lands.

3. EASEMENTS—RIGHT OF WAY—WAIVER—ESTOPPEL.—A grantee, entitled to a right of way by implication of law, will not be estopped to claim same by purchasing another passway from another than the owner of the servient estate.

4. EASEMENT—BY AGREEMENT.—The grantee in this case was entitled to a passway by express agreement with the grantor.

JAMES M. SEBASTIAN FOR APPELLANT.

1. It was error to require plaintiff to elect which cause of action he would prosecute. 2 Black. Com., 36; 3 Kent. Com., 420; Bass v. Edwards, 126 Mass., 445; Am. & Eng. Enc. of Law, vol. 19, p. 96; Brown v. Burkenmeyer, 9 Dana, 159; Beall v. Clore, 6 Bush, 676.

2. The plaintiff was entitled to a right of way by contract.

3. The sale carrying with it the right of way by necessity the statute of frauds is inapplicable.

HOLT & HOLT ALSO FOR APPELLANT.

1. The proof shows an agreement for a passway.

2. It was error to require an election. Civil Code, sec. 83; Jones' Assignee v. Johnson, 10 Bush, 649.

3. Appellant was entitled to a right of way by implication. 2 Black. Com., 36; Co. Litt., 56; 3 Kent. Com., 420; Am. & Eng. Enc. of

Law, vol. 19, pp. 96-97; 126 Mass., 445; 35 How. Pr., 139; Hall v. McLeod, 2 Met., 98; Collins v. Prentice, 15 Conn., 39; s. c., 38 Am. Dec., 61.

E. E. HOGG FOR APPELLEE.

1. The proof is insufficient to warrant a reformation of the deed from Hammons to Estep.

2. Defendant having elected to stand on his action for a reformation of the deed the question of a passway by implication becomes immaterial.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The appellant, J. N. Estep, brought this action in the Owsley Circuit Court against appellee, seeking to have corrected for fraud or mistake a contract for the sale of a certain lot in Booneville. It is alleged that the appellee sold to appellant a certain lot in Booneville that is bounded on one side by a creek, on two sides by one Gabbard, and on the other by appellee. It appears that appellant's lot purchased was the rear part of one lot, the front being bought by Gabbard from appellee, and owned by Gabbard at the time appellant bought. The lots of Gabbard and of appellee front on a street, while appellant has no way of ingress and egress except over the lands of others. The nearest way to the street is over Gabbard's or appellee's lot. The appellee denied the omission of any grant of way, out of the contract either by fraud or mistake, or at all; denied any agreement to give appellant a passway. On this issue proof was taken and afterwards appellant filed an amended petition, alleging that he was entitled to a passway by operation of law, or necessity, from the contract of purchase. The court then, on motion, required appellant to elect which cause of action he would prosecute. The appellant, under

[10]

protest against election, elected to prosecute the cause
set out under the alleged contract. The court upon final
trial dismissed the action, and from that judgment this
appeal is prosecuted.

Section 83, Civ. Code, provides: "Several causes of
action may be united, if each affect all parties to the
action, may be brought in the same county and may be
prosecuted by the same kind of action; and if all of them
be brought (1) upon contracts, express or implied." We
are of opinion that the order requiring appellant to elect
was error, as both causes of action, if there were, in-
deed, two, were upon contract—the one expressed, but
failed to be put in the writing, and the other an implied
contract by operation of law. We would not reverse for
this error alone, as, in our opinion, the original petition
embraced all that was intended to be covered by the
amendment, and proof was taken on those issues. In the case
of Brown v. Burkenmeyer, 9 Dana, 159, this court said:
"If A. sells to B. a tract of land in the center of a large
tract owned by A., and conveys to B. title, such convey-
ance carries with it, by implication, the right to B, of
free ingress, egress, and regress, through the lands of A.
to the land so conveyed to B., as such ingress, egress, and
regress are essential to the enjoyment of the purchase."
In the case of Beall v. Clore, 6 Bush, 676, this court said:
"The action of the court was, moreover, erroneous in re-
fusing to instruct the jury, as asked, substantially that,
if Scott sold and conveyed to Rose the land occupied by
the defendant, and at the same time the other lands of
Scott entirely surrounded that purchased by Rose, the law
from the fact of the sale and conveyance of land so sit-
uated, would imply a grant by Scott to Rose for a right
of way through his land to enable Rose to have ingress

and egress to and from his land. Hall v. McLeod, 2 Met. 98." "A right of way may also arise by act and operation of law; for, if a man grants me a piece of ground in the middle of his field, he at the same time tacitly and impliedly gives me a way to come to it." 2 Bl. Comm. 36. "A right of way may arise from a necessity in several respects. Thus, if a man sells land to another which is wholly surrounded by his own land, in this case the purchaser is entitled to a right of way over the other ground, to arrive at his own land. The way is a necessary incident to the grant, and without which the grant would be useless." 3 Kent, Comm. 420. If a person owning a lot of land, fronting on a highway conveys the rear part of the lot, which is entirely surrounded by land of a person other than the grantee, the latter has a right of way by necessity to the highway over the main land of the grantor. 19 Am. & Eng. Enc. Law, pp. 96, 97. Numerous cases favor the idea that a right of way may be created by necessity irrespective and independent of any grant or reservation, either expressed or implied; but in most instances, however, it has been upheld on the ground of a grant or reservation implied from necessity. 19 Am. & Eng. Enc. Law, p. 98; Tracy v. Atherton, 82 Am. Dec. 621.

We are of opinion that, by the sale by appellee to appellant of the lot not on a public highway, by implication of law he also sold to appellant, as appurtenant to the lot, a right of way for ingress and egress. The fact that appellant's lot was bounded on the other three sides by the lands of other parties does not in any way relieve appellee from the rule laid down in the cases *supra.* This right of way to appellant's lot passing with it by opera-

tion. of law, it is wholly immaterial whether it be specially named in the deed or contract of sale.

We are also of opinion, from the evidence, that, in the sale by appellee to appellant of the lot in question, there was an agreement on the part of appellee, that a right of way over appellee's remaining land should pass to appellant with the lot for the use of appellant and his family. If the particular location of the right of way was specified in the conveyance, of course that would govern; but an entire absence of the way in the conveyance would not defeat the right, and would only leave its location uncertain and undetermined. Nor do we think this right of way that passes as appurtenant to the land would be lost or affected if the purchaser should purchase him an outlet over the lands of others. The right of way easement, being appurtenant to and running with the land, is a part of it, and can only be extinguished by merger of the two estates or by other process known to the law to devest real estate. For the reasons indicated the judgment of the Circuit Court is reversed, with directions to the lower court to adjudge appellant entitled to a reasonably convenient passway over the land of appellee, to be fixed by the court in a sound discretion, and for other proceedings consistent herewith.