GEORGE F. MOSHER v. ENOS HIBBS.

**1. EASEMENT—PRIVATE WAY—IMPLIED GRANT.**

Where the owner of a body of land, during his occupancy of it, constructs a private way over one part of it to another, as a means of egress and ingress to the latter from the public highway, which way is apparent, continually used, and reasonably necessary to the use and enjoyment of the land to which the way is constructed, and also adds materially to its value, and afterwards sells and conveys by deed the part with the way to it, and retains the part with the way over it, his grantee takes his part, to be enjoyed with reference to the way as the same existed at the time of the conveyance, with an implied grant of the way to it over that retained by the grantor, as an easement therein.

**2. SAME—PRIVATE WAY IS AN APPURTENANCE TO TRACT CONVEYED.**

Such private way is an appurtenance to the tract conveyed, and the right thereto passes without being expressed in the deed.

**3. GRANTEE'S TRACT NEED NOT BE ENTIRELY SURROUNDED.**

It is not required that the grantee's tract shall be entirely surrounded by the lands of the grantor; it may be partly surrounded by those of the grantor and partly by those of a stranger, and if the grantee's tract is inaccessible except through the lands of his grantor or those of a stranger, the right to such private way shall pass as appurtenant to the grant.

**4. GRANTEE'S RIGHT OF WAY NOT DIVESTED BY PURCHASE OF OTHER LANDS.**

A way by grant or implication is not divested by the after purchase of other lands over which the grantee might have ingress and egress.

**5. RIGHT OF WAY BY GRANT NOT DEFEATED BY REMOVAL OF NECESSITY.**

Where the way in question is by grant, it is not material that it is one of neces-sity; it is sufficient if it be reasonably necessary to the enjoyment of the land granted, and materially adds to its value.

ON APPEAL.

**A. W. Patrick and Helea & Green, for plaintiff.**

**John S. Graham,** for defendant, cited :

A grant of land which has no outlet to the street except over the grantor's lot carries with it a right of way over such lot. Kringel v. Nitschmann, 40 S. W. Rep. 68 [15 Tex. Civ. App. 641].

On the sale of a tract of land surrounded in part by the lands of the vendor and in part by the lands of strangers the purchaser has an implied grant of a way over the other lands of the grantor. Pleas v. Thomas, 22 So. Rep. 820 [25 Miss. 495].

Where the original owner of adjoining tracts of land conveyed one of the tracts to plaintiff's grantor, retaining the other to which there was no access save over the lands so conveyed, no right of way being expressly reserved in the deed, such reservation will be implied. Willey v. Thwing, 34 Atl. Rep. 428 [68 Vt. 128].

Where the owner of eighty acres of land fronting on a highway conveyed to plaintiff's grantor, a remote twenty acres thereof having no way of egress to any highway, except over the remaining sixty acres, the contemporaneous conveyance of said sixty acres by said owner " in trust for himself," he continuing in possession, does not defeat the attachment of a way to said sixty acre tract. Miller v. Richards, 38 N. E. Rep. 854 [139 Ind. 263].

On a grant of land to which there is no access except by a private road laid out and used by the grantor over his other lands, a right to use the road passes also. Barnard v. Lloyd, 24 Pac. Rep. 658 [85 Cal. 131].

This right of way that passes as appurtenant to the land will not be lost or affected if the purchaser should purchase him an outlet over the lands of others. The right of way easement being appurtenant to and remaining with the land is a part of it, and can only be extinguished by merger of the two estates or by other process known to the law to divest real estate. Estep v. Hammons, 46 S. W. Rep. 715, 716 [20 Ky. Law 448].

One entitled to pass over certain lands to reach a parcel of his real property is not obliged to surrender such right on becoming the owner of other realty over which he might pass to the first mentioned land. Zell v. Universalist Society, 13 Atl. Rep. 447 [119 Pa. St. 390; 4 Am. St. Rep. 654].

For easement and implied grant see Baker v. Rice, 56 Ohio St. 463 [47 N. E. Rep. 653] ; National Exchange Bank v. Cunningham, 46 Ohio St. 575 [22 N. E. Rep. 924].

**J. H. Mitchell,** for defendant, cited :

An inconvenience may be so great as to amount to that kind of necessity which the law requires, although it may not be an absolute or

irresistible necessity. Lawton v. Rivers, 2 McCord (S. C.) 445; Giauque Road Laws 509, note.

We think the defendant's case is completely sustained by Baker v. Rice, 56 Ohio St. 463 [49 N. E. Rep. 653], and cases therein cited by Judge Minshall. Also Meredith v. Frank, 56 Ohio St. 479 [47 N. E. Rep. 656].

A way by grant or implication differs from a mere way by "necessity" in this, that it is not divested by the after-purchase of other lands, over which the party might have ingress and egress. In short, that having once vested in the purchaser, it remains so vested. Zell v. Universalist Society, 13 Atl. Rep. 447 [119 Pa. St. 390 ; 4 Am. St. Rep. 654, note]; Palmer v. Palmer, 44 N. E. Rep. 966 [150 N. Y. 139; 55 Am. St. Rep. 653].

Grant of a continuous and apparent easement is implied on severance of heritage, where, though having no legal existence as an easement, it has in fact been used by the owner during the unity of the heritage, or where it is necessary to the full enjoyment of the several portions of the heritage. Elliott v. Rhett, 5 Rich. (S. C.) 405 [57 Am. Dec. 750] ; Blum v. Weston, 36 Pac. Rep. 778 [102 Cal. 362 ; 41 Am. St. Rep. 188]; Seibert v. Levan, 8 Pa. St. 383 [49 Am. Dec. 525]; Cleveland v. Williams, 29 Tex. 204 [94 Am. Dec. 260]; Lide v. Hadley, 36 Ala. 627 [76 Am. Dec. 338].

A right of way, appurtenant to land, is appurtenant to the whole and every part of it, and if such land be divided and conveyed in separate parcels, a right of way thereby passes to each of the grantees. Underwood v. Carney, 55 Mass. (1 Cush.) 285 ; Watson v. Bioren, 1 Serg. & R. 227.

## VOORHEES, J.

This action comes into this court on appeal. The nature of the suit is to enjoin the defendant from using a certain right of way over the premises of the plaintiff. The plaintiff in his petition describes his premises and alleges that the defendant is threatening to use a certain right of way that extends over such premises.

The situation of the property in controversy is substantially this:

The plaintiff is the owner of a large tract of land, through which there has been in use for many years a road or private way leading from the public highway, known as the New Philadelphia and Uhrichsville road, in a southeasterly direction to a remote portion of his farm, crossing the tracks of the C. L. & W. railroad at a designated farm crossing, and thence continuing in a southeasterly direction to other portions of plaintiff's premises, owned by him prior to 1893.

In 1893 the plaintiffs sold a portion of said lands, a twenty-two acre tract, to the defendant. The portion sold lies in a southeasterly direction from where this road or private way leads into the public highway and south of the railroad. It is surrounded on three sides, at least, by lands owned by the plaintiff; the other side, at the time of said purchase, belonged to a man by the name of Kinsey. At the time of said purchase this road or private way for at least two-thirds of its distance was enclosed on each side by a fence, and it was a clearly marked roadway for the use and convenience of that part of the farm owned by the plaintiff lying in that remote portion where said twenty-two acre tract was situated. This right of way crossed the tracks of the said railroad at a permanent farm crossing and continued in a southeasterly direction to said twenty-two acre tract. After it leaves the railroad crossing the way was not so distinctly marked by fences as the other portion of the route, but it is contended that there was a distinct, visible, well defined and marked way leading from said crossing to said twenty-two acre tract. The only access to the twenty-two acre tract from the public highway was through this road or right of way over the lands of the plaintiff. The plaintiff has maintained along this way gates for the convenience of himself and for the use of his farm, and this was its condition when the purchase was made by the defendant.

It is contended by defendant that when this land was sold and conveyed to him there was this distinct, definite right of way, leading from the public road, the New Philadelphia and Uhrichsville highway, through the premises of the plaintiff to said twenty-two acre tract; that it had been used for that purpose by the plaintiff and by any one who had occasion to use that portion of the farm that was remote from the public road, and the defendant claims and insists that he purchased said tract with it in view, although it is not referred to in the deed, and there was no exception in the deed to a right of way, nor was it excluded from the covenants of the deed.

The first question involved is: Whether there was any visible, well defined right of way to this twenty-two acre tract at the time of its purchase by plaintiff. If so, what right, if any, would this purchaser, the defendant, have in this right of way.

The second and principal question involved is: Whether the right to use this right of way vested in the purchaser of this twenty-two acre tract by grant.

We find as a fact:

(1) That there was this distinct, visible well defined and marked road or way, leading from the public highway over the land of the plaintiff to this twenty-two acre tract at the time of the purchase by defend-

Mosher v. Hibbs.

ant; that said way was continually used and reasonably necessary to the use and enjoyment of, and added materially to the value of, said twenty-two acre tract, and that by reason thereof, when the defendant purchased said tract from the plaintiff, he secured by grant a right of way in such road or way that cannot be interfered with by the plaintiff by injunction or otherwise.

(2) That this right being by grant, rather than a right from necessity, the defendant takes it subject to conditions or burdens that were imposed upon it by the owner at the time of the purchase. That is, the defendant must take it subject to such gates of the plaintiff as were thereon at the time of said purchase, and he is charged with the duty of opening and closing the same in lawful manner while in the use of said way. On the other hand plaintiff has no right to impose any additional or further burden upon the right of way than existed at the time of the purchase.

(3) There is another issue of facts to be considered and that is: It is contended by the plaintiff that after this property was sold he required of the defendant that he pay rent for the use of this right of way. If that were true; if that was the nature of the contract between the parties; if, instead of the defendant relying upon the rights that would be secured to him by the law, he undertook to secure a right to use the way by paying rent for it, then it might be terminated by the plaintiff. But, as a question of fact, we find there was no such understanding or arrangement between the parties, and what was paid by the defendant to the plaintiff was not paid as rent for the right of way, but was paid for the use of a strip of ground that belonged to plaintiff for raising vegetables, etc., and the amounts so paid were not intended and were not paid as rent for the use of said right of way.

(4) There is still another question to be considered and that is: What effect, if any, does the fact, that since defendant purchased this twenty-two acre tract from plaintiff he has purchased an eleven acre tract from a third party, by which he can have access to another way or outlet, from his premises to the public highway, have upon his rights in or to this right of way secured by grant as found when he purchased this twenty-two acre tract. If his right were only such as inured to him from necessity, perhaps he could only use it so long as that necessity existed. But that question is not before us, and it is not necessary for us to pass upon it, for the reason, we hold that this is not a right of way from necessity, but is a grant secured to him by reason of the situation of the property of the plaintiff at the time he sold the twenty-two acre tract to the defendant; and we hold, although the defendant may now have another right of way, it does not divest him of the rights se-

cured to him from conditions and circumstances as they existed at the time the purchase and the conveyance was made to him. Although he may have since acquired another outlet, this will not deprive him of the rights that vested in him when he purchased the twenty-two acre tract.

If these propositions or conclusions are sustained by the law, they dispose of this case.

Where the owner of a body of land, during his occupancy of it, constructs a private way over one part of it to another, as a means of egress and ingress to the latter from his home and also to the public highway, which way is apparent, continually used and reasonably necessary to the use and enjoyment of the lands to which the way is constructed, and also adds materially to its value, and afterwards sells and conveys by deed the part with the way to it and retains the part with the way over it, his grantee takes his part to be enjoyed with reference to the way as the same existed at the time of the conveyance, with an implied grant of the way to it over that retained by his grantor, as an easement therein.

In support of this see Baker v. Rice, 56 Ohio St. 463 [47 N. E. Rep. 653], and authorities cited in the opinion by Judge Minshall. We think the principle of that case applies here.

If there had been nothing said about a right of way, or if there had been no visible evidence of a way, or of the use of a right of way to that part of the farm purchased by the defendant, then the legal rights of the defendant would be such as would arise by the law of necessity. But there being this visible right of way, and the purchase having been made with reference to it, and it having been used and dedicated by the plaintiff to the use and convenience of that part of the farm sold to the defendant, although for his own individual use, yet, when he sold this part of the farm to the defendant, the right to use such highway vested as a property right in the purchaser, notwithstanding there is no reference whatever made to it in the deed.

There is no question as to the value of this right of way to the twenty-two acre tract purchased by the defendant, and this right of way is reasonably necessary to the use of the land, and the plaintiff, as the owner of it, and his grantees are entitled to use it for the convenience of the portion of the farm, namely, the twenty-two acre tract. That being so when he made the deed, although there is nothing said in the deed about the right of way, there is an implied grant to the purchaser, or grantee named in the deed, of the use of this way; and it becomes a vested property right in him, and he takes it subject to the grantor's use of the balance of the property over and through which it passes.

In Meredith v. Frank, 56 Ohio St. 479 [47 N. E. Rep. 656], it is held:

Mosher v. Hibbs.

"Where an owner of a tract of land has made and maintained a private way over his land to a public highway, and such way is his only means of ingress and egress to his home, sells and conveys to another a portion of it lying on the public highway, and is thereby deprived of all access to the highway except by the way he had previously constructed and maintained, and which passes through the granted part, and the facts were well understood by both parties at the time in such case, the way is reserved to the lands of the grantor by implication, although the deed contains a covenant against incumbrances."

Applying the principle of this case to the case at bar, suppose the plaintiff here had sold a portion of his farm that lies adjacent to the New Philadelphia and Uhrichsville road, and there was nothing said in the deed about the right of way, yet, it would be reserved to him in the use of the balance of his property, although he made a warranty deed warranting against incumbrances.

Therefore, we think the doctrine of these two cases *supra* very clearly secures to the defendant in this case an implied grant in this right of way, resulting from the surroundings and conditions of this property at the time the deed was made.

There has been some contention that this doctrine cannot apply in this case for the reason that this twenty-two acre tract was not entirely surrounded by the land of the plaintiff. We think that makes no difference. It is not required that the grantee's tract shall be entirely surrounded by the lands of the grantor; it may be partly surrounded by the lands of the grantor and partly by those of a stranger, and if a grantee's tract is inaccessible except through the lands of his grantor or those of a stranger, the right to such private way shall pass as appurtenant to the grant.

See note in Pettingill v. Porter, 85 Am. Dec. 679 and authorities cited, where the author says:

"When the grantee's land is wholly surrounded by what had been the grantor's other land, or partly by this and partly that of a stranger, or is inaccessible except through the lands of his grantor or those of a stranger, a way by necessity over the lands of the grantor is appurtenant to the grant, and passes as incident to it."

This meets the contention and claim that because this twenty-two acre tract was not entirely surrounded by the lands of the plaintiff that this grant could not arise by implication.

This leaves but a single question, and that is: Whether the fact that defendant has purchased an adjoining tract of eleven acres, since his purchase of the twenty-two acre tract, thereby giving him a right of

way in a different direction, destroys his grant or rights in the way over plaintiff's land?

This can apply only where the right of way is one arising from necessity. Such a case would be where there was no outlet, or had been none at the time of the conveyance. In other words, where a party is the owner of a body of land and he sells to another a portion of it which is surrounded by other lands of the grantor, and where there has been no use made of an outlet or way whatever over his lands, in such a case the right of way is secured to the grantee by necessity. But where there is a fixed and open way, such as we have here, and the purchase is made with reference to it, the grant, which is then made, arises by implication in the way as it then existed, and is not lost by subsequent conditions, as by getting a way in a different direction.

We think the case of Estep v. Hammons, 46 S. W. Rep. 715, 716 [20 Ky. Law 448], is applicable, where the court say:

" We are of opinion that, by the sale of appellee to appellant of the lot not on a public highway, by implication of law he also sold to appellant, as appurtenant to the lot, a right of way for ingress and egress. The fact that appellant's lot was bounded on the other three sides by the lands of other parties does not in any way relieve appellee from the rule laid down in the cases *supra*. This right of way to appellant's lot passing with it by operation of law, it is wholly immaterial whether it be specially named in the deed or contract of sale. We are also of opinion, from the evidence, that, in the sale by appellee to appellant of the lot in question, there was an agreement on the part of appellee that a right of way over appellee's remaining land should pass to appellant with the lot for the use of appellant and his family. If the particular location of the right of way was specified in the conveyance, of course that would govern; but an entire absence of the way in the conveyance would not defeat the right, but would only leave its location uncertain and undetermined. Nor do we think this right of way that passes as appurtenant to the land would be lost or affected if the purchaser should purchase him an outlet over the lands of others. The right of way easement, being appurtenant to and running with the land, is a part of it and can only be extinguished by merger of the two estates, or by other process known to the law to divest real estate."

The following authority is also in point: Zell v. Universalist Soc., 119 Pa. St. 390 [13 Atl. Rep. 447; 4 Am. St. Rep. 654].

Where the way in question is by grant, it is not material that it is one of necessity; it is sufficient if it be reasonably necessary to the enjoyment of the land granted, and materially adds to its value. Baker

v. Rice, 56 Ohio St. 463, 478 [47 N. E. Rep. 653], citing Phillips v. Phillips, 48 Pa. St. 178 [86 Am. Dec. 577].

Therefore, we think this meets the contention, that the defendant is not deprived of the use of this right of way over the lands of the plaintiff because he has since purchesed the eleven acre tract and thereby may have an outlet over lands secured by this subsequent purchase.

Without taking any more time upon the questions presented, we hold that the defendant is entitled to have secured to him, without obstruction, the right to use the right of way over the route that has been used by plaintiff to the twenty-two acre tract, and the plaintiff has no right to interfere with him, but the defendant at the same time has no right to leave open the gates that were used upon the property at the time he made his purchase; and the decree of the court will be in favor of the defendant, as prayed for in his answer and cross-petition, with the costs of the action.