DAVIS ET AL. v. FORTENBERRY.

[75 South. 119, Division A.]

1. EASEMENTS. *Implied easements. Way over surrounding land.*
   Where a party owning a body of land lying along a public road, sold a part of the tract not touching the road, the purchaser had a right of way by necessity over the land of the vendor to the · public road for the purpose of ingress and egress.

2. INJUNCTION. *Restraining criminal prosecutions.*
   In such case injunction will not lie at the instance of the purchaser of the land to restrain a criminal prosecution by the seller for an alleged trespass in going to and from the land, over the land of the seller to reach the public road.

APPEAL from the chancery court of Pike county.

HON. R. W. CUTRER, Chancellor.

Suit by J. C. Fortenberry against Mrs. L. G. Davis and another. From a judgment for plaintiff, defendant appeals.

This is a suit by the appellee, who was complainant in the court below, enjoining the appellants from closing a gate against him, thereby depriving him of a way across their land to the public road, and seeking to have the court establish by decree an implied easement or right of way in perpetuity over appellants' land, and also for the purpose of enjoining appellants from further prosecuting appellee in the court of a justice of the peace as a trespasser because of his breaking the gate and entering the land of appellants and crossing the same to go to his own land.

Appellants were the owners of fifty-seven acres of land lying on a public road, and appellee was in their employ for a number of years. Appellee purchased from appellants forty acres of this land, and between the forty acres so purchased and the public road the seventeen-acre tract lay, and appellee for some time

crossed this seventeen-acre plot and used the gate there-on to reach the public road. Some time later appellants ordered appellee not to use their land or gate any fur-ther in going to and from his forty-acre tract, and when appellee did so, appellants had him arrested for trespass.

It was shown on the trial that there was no public road touching appellee's forty-acre tract which he pur-chased from appellants. It is the contention of appel-lee that the sale to him of the forty-acre tract carried with it an implied easement to use the seventeen-acre tract remaining for the purpose of ingress and egress, and in order to enforce his alleged right he filed suit in the chancery court. From a judgment in his favor appellants appeal.

*Price & Price,* for appellant:

This case went off on a mistaken view of the law that the grant carried with it an implied easement to go over the seventeen-acre strip, and that a grant can be estab-lished by parole, but there can be no grant by parole. It must be within the calls of the deed. Section 4411 of the Code of 1906, lays down the plan of establishing a private way. And this is, as construed by the su-preme court, the only way to lay out a private road over the property of an individual, and that course has been pursued in this case.

In the *Dabney Case,* 95 Miss. 587, the court held that: "If the appellant desires a private and permanent right of way, Code 1906, section 4411, provides an adequate remedy whereby he may have a private way laid out."

This statute was enacted under section 110 of the Con-stitution of the state which provides, that the legislature must provide by general law for condemning rights of way for private roads, where necessary for ingress and egress, by the party applying, on due compensation be-ing first paid to the owner of the property, but such

right of way shall not be provided for incorporated cities and towns.

In 86 Miss. 43, it is held, conceding that the situation is such that Reed had a legal right to demand a passage through the land of appellant, he can only procure it by proceeding to have a private way established in accordance with section 3901 of the Code of 1892, or section 4411 of the Code of 1906.

"Implied reservations are not favored as against the terms of a deed, and where not mentioned in the deed are absolutely limited to cases of necessity." 11 Cyc., 1171, and 9 Rul. Case Law, pg. 763; *Bonnelly* v. *Blakemore,* 66 Miss. 136, 5 So. 228.

In *Dabney* v. *Child, supra,* this court lays down the rule, that "Implied reservations as against the express terms of a deed, are not favored by the courts, and are to be limited to ways of necessity."

In this case the court differentiates between *Pleas* v. *Thomas,* 75 Miss. 495, as in that case the way was one of necessity, well marked out, and had been in use for a long time. It must therefore be well settled that a way of necessity never exists in Mississippi when one can get to his own property over his own land and a well-defined road. 1915 D. 1011 La. Rep. Annot.

In *Wills* v. *Ree,* 86 Miss. 446, it is held, as in the case of *Burnley* v. *Mullins,* 38 So. 635, that there was no assertion of any claim by the public of any hostile right to the way in question, the road was never under the supervision of the board of supervisors or county road authorities, was never worked by the road overseers, nor were any bridges or causeways built at the public expense. Here the way was always closed by gate and not one but Fortinberry's hands used it except the appellant.

We do not think the court's finding in this case enjoining the Justice of the Peace, Z. P. Felder, can be defended. The gate was locked; Fortinberry broke it open the second time, was arrested for trespass, plead

guilty, sentence of the court was pronounced upon him and no appeal taken, and yet the chancellor injoins him from further criminally prosecuting Fortinberry, denies him attorney fees, costs and damages, and taxes him with the cost of the proceeding.

It is well settled that where the use of a way is by express or implied permission, it cannot ripen into an easement by prescription, no matter how long continued, since the use as of right, is lacking. *Stewart* v. *White,* 30 So. 526; 9 Rul. Case Law, 778, and authorities there cited.

If the use in its inception is permissive, as in this case, such permissive use will continue of the same nature and no adverse use can arise until there is a distinct and positive assertion of a right, hostile to the owner, and brought home to him.

This case should be reversed and the bill dismissed and the appellants allowed damages and attorney fees.

*E. J. Simmons,* for appellee.

It is fundamental in the law of real property that where an easement is essential to the enjoyment of an estate granted, such an easement will be implied though, of course, not mentioned in the deed. See Tiedman on Real property, sec. 601, citing, among other cases *Lanier* v. *Booth,* 50 Miss. 410, 14 Cyc. 1166.

The authorities seem to be agreed that even though there may be other means of ingress and egress, if serious difficulty attends the use of such ways, their existence prevents the court's holding that the way in question was one of necessity, and certainly, where one grants land surrounded wholly by the lands of strangers and the reserved land of the grantor, a way of necessity is implied if his right to go over the lands of strangers is a mere verbal license, revocable at pleasure. See *Rater* v. *Shuttlefield,* 44 L. R. A. (N. S.) 101; See, also, *Gregory et al.* v. *Randall,* 113 N. E. 88, where it is said by Dunn, C. J.: "A way of necessity exists where land conveyed is surrounded by land of the grantor and

other private owners, and not only where it is surrounded entirely by land of the grantor.'' See, also, *Pleas* v. *Thomas,* 75 Miss. 495, where it is said:

''It is well settled law that one who sells a parcel of land to another which is wholly surrounded by the other lands of the seller, impliedly grants a right of way to the interior lot so sold over the exterior lands retained. And when one sells his exterior and surrounding lands, but retains the interior lands for himself, the rule is the same as to a way of necessity over the exterior lands. And when one sells interior lands surrounded in part by the other lands of the seller and in part by the lands of strangers, the implied grant of a way to the interior land exists over the exterior lands of the seller. The reasons, says the court, are obvious at a glance: (1) The owner of the interior land could neither reach nor use his land unless a way to it existed, or was capable of being brought into existence, the right to use, occupy and enjoy being essential to impart value to the land; and (2) this essential right is to be sought in the grant of the seller of the interior lot, and the buyer is not to be driven to seek to acquire a way over the lands of other adjoining owners.'' *Bonelli Bros.* v. *Blakemore,* 66 Miss. 136; *Hardy* v. *Railroad Co.,* 73 Miss. 719; Tiedman Real Prop., sec. 609; *Rollo* v. *Nelson,* 26 L. R. A. (N. S.) 316; *Phillips* v. *Phillips,* 86 Am. Decs. 577; 10 Enc. Law (2 Ed.), 419-420.

In view of the holdings of our court in *Bonelli Bros.* v. *Blakemore,* 66 Miss. 126, as explained in *Pleas* v. *Thomas,* 75 Miss. 495, it is clear that easements and servitudes adopted by the owner of lands which are plainly visible or notorious, and from the character of which it may be fairly presumed that he intended their preservation as necessary to the convenient enjoyment of his property, become, when the lands are severed, permanent appurtenances thereto.

In the case at bar the gate which the evidence shows appellant nailed up was not only plainly visible to any

person passing that way, but had undoubtedly been there continuously since its construction by Zachary sixteen years prior to the institution of this suit.

A prospective purchaser of either the strip owned by appellant, or the forty acres of appellee, must necessarily see this gate and the bridge leading to it and the road traversing the strip. They were so notorious and had been so continuously used in connection with all the property land east of the public road leading into Magnolia, that it is idle to say no right to the roadway passed by implication in view of the fact that the fence on the three remaining sides of the farm had no gate or other means of egress.

The contention of appellants in this case is precisely what was contended by appellee in the Pleas-Thomas case above, a case precisely on all fours with the one at bar.

## MOTION TO DISSOLVE INJUNCTION.

On this issue the burden is on appellant to show cause for a dissolution of the injunction. 22 Cyc. 1000; 10 Enc. Pleading & Practice 1082 (Par. 13).

If appellee has shown himself entitled to some equitable remedy, thus giving equity jurisdiction of his case, an injunction will be granted to restrain pending or threatened actions at law containing the same subject-matter. Equity having obtained jurisdiction for one purpose, will generally dispose of the entire case and enjoin actions at law in order to prevent circuity of action and multiplicity of suits and to render justice more completely and conveniently. 22 Cyc. 790, citing *Dreyfus* v. *Gage,* 79 Miss. 403; 43 Miss. 437.

Certainly, the prosecution of appellee for an alleged criminal trespass under the peculiar facts of this case was so unconscionable, oppressive and fraudulent as to render eminently applicable the remedy by injunction, especially in view of the fact that appellant, Davis, lock-

ed in appellee, leaving him no way to get out of the farm, and this without notice to appellee of any sort. 22 Cyc. 789 et seq., citing among other cases, *Moody* v. *Harper,* 38 Miss. 599.

The case. of *Crighton* v. *Dahner,* 70 Miss. 602, is not in point, because here the object of the suit is to settle disputed questions of property rights and to prevent the unlawful interference with the right of appellee to get to and from the property which he purchased of appellant, and the fact that criminal prosecutions must be enjoined is incidental and certainly- does not operate to deprive an equity court of its jurisdicton. 22 Cyc. 902; *Floyd* v. *Adler,* 51 So. 897, 96 Miss. 544.

Clearly, if appellee is entitled to the main relief sought in his bill, the court should confirm him in the enjoyment of the way, and this is impossible unless the criminal prosecution is enjoined; and to this effect are the authorities. *Dreyfus* v. *Gage,* 79 Miss. 403, supra.

SMITH, C. J., delivered the opinion of the court.

The court below committed no error in holding that appellee has a right of way by necessarily over appellant Davis' land (*Pleas* v. *Thomas,* 75 Miss. 495, 22 So. 820), but should not have enjoined the prosecution of the criminal proceeding begun in the court of the justice of the peace before appellee's bill was filed (*Crighton* v. *Dahmer,* 70 Miss. 602, 13 So. 237, 21 L. R. A. 84, 35 Am. St. Rep. 66). The decree rendered in the court below will be set aside, and a decree rendered here in accordance with this opinion. Costs to be paid by appellants L. G. and H. B. Davis.

*Affirmed in part and reversed in part.*