## THORNTON v. McLEARY.

(Division A. Nov. 30, 1931.)

[137 So. 785. No. 29503.]

**J. S. Finch,** of Booneville, for appellant.

W. C. Sweat, of Corinth, and C. B. Wright, of Belmont, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Appellant, by a bill in equity, sought to establish his right to a way of necessity over and across the lands of appellee. The appellee, by his answer, denied that this right had ever existed; but asserted that, had such right ever existed at the time appellant purchased this land, he owned other land adjoining same, which abutted on the public road, and which was accessible to, and used by him in reaching the public road; and as a matter of law, when appellant had his own right of way, appellee's land no longer owed servitude as a servient estate. In other words, that the way of necessity, if existing prior to appellant's purchase, ceased when the necessity therefor ended. The court below held that appellant was not entitled to a way of necessity over appellee's tract of land, and dismissed the bill.

On the facts, the court was warranted in finding that a way of necessity had existed prior to the date of the purchase of both tracts of land by Wright, the fifty-eight-acre tract of land being surrounded by other lands, with no way of egress and ingress save over the eighty-acre tract which had been used by predecessors in title as a way to reach the public road, and thence the market.

Appellee's eighty-acre tract lay north of appellant's

fifty-eight acres. At the time appellant purchased this land he owned a twenty-acre strip which adjoined same on the east, and abutted the public road, giving access thereto, which way to the public road had been in use many years. While owning this fifty-eight-acre tract, appellant sold the twenty-acre strip to another.

We construe the briefs of counsel to submit to us for decision the contention that a way of necessity, once established in favor of the owner of a dominant estate over the lands of a servient estate, runs with the land, and is never extinguished.

In this case, the way arises through grant by implication; there being no claim of express grant.

In the case of Bonelli v. Blakemore, 66 Miss. 136, 5 So. 228, 14 Am. St. Rep. 550, this court held that, if there was any easement at all, it was one of implied grant; and, being one of implied grant, cannot be established except by a showing of strict necessity.

Of course, it is well settled in this jurisdiction that on the sale of a tract of land surrounded in part by the lands of the vendor, and the rest by the lands of a stranger, the purchaser of the interior lands has an implied grant of a way of necessity over and across the lands of his vendor. Pleas v. Thomas, 75 Miss. 495, 22 So. 820; Davis v. Fortenberry, 114 Miss. 294, 75 So. 119; Bonelli v. Blakemore, supra.

This court has never held, however, that this right of way of necessity, arising by implied grant, vested title in fee to the lands, but only a right appurtenant to the dominant estate.

Reviewing the cases cited by appellant in support of his contention, we find the case of Zell v. Universalist Society, 119 Pa. 390, 13 A. 447, 4 Am. St. Rep. 654, in which the easement was an alley; and the court there held explicitly that no express grant conferred the right to use the alley, nor was the alley a way of necessity.

This case is not controlling as to the case at bar. Mosher v. Hibbs, 24 Ohio Cir. Ct. R. 375, does not appear to be in point.

In the case of Atlanta Mills v. Mason, 120 Mass. 244, there was an express grant of right to specific uses, or reservation thereto, of water in a stream by millowners, and the court held that such grant never ceased, although not arising by necessity.

The only case in point cited by counsel is Estep v. Hammons, 104 Ky. 144, 46 S. W. 715, 716; 19 C. J., p. 935, section 171, note, in which the court said: "We are also of opinion, from the evidence, that, in the sale by appellee to appellant of the lot in question, there was an agreement on the part of appellee that a right of way over appellee's remaining land should pass to appellant with the lot for the use of appellant and his family." However, the court further held that a right of way of necessity arose through a grant by implication, and said only this: "Nor do we think this right of way that passes as appurtenant to the land would be lost or affected if the purchaser should purchase him an outlet over the lands of others. The right of way easement, being appurtenant to and running with the land, is a part of it, and can only be extinguished by merger of the two estates or by other process known to the law to divest real estate."

In the case at bar Wright, in 1923, became the owner of both estates, and, when he sold to the appellant the fifty-eight-acre tract, the latter then owned lands adjoining this tract which abutted the public road, and over which he had an easement from the fifty-eight-acre tract to the public road.

Under this state of facts, if we concede that the evidence shows that prior to Wright's purchase there was a way of necessity over the eighty-acre tract in favor of the other, the necessity therefor was terminated then and there, and his right thereto ceased. In this view,

we are sustained by the great weight of authority, as well as by sound and cogent reason.

We find the rule thus stated in 19 C. J., p. 953, section 171: ''While a right of way of necessity continues until some other lawful way has been acquired and ordinarily cannot be extinguished so long as the necessity continues to exist, nevertheless a way of necessity ceases as soon as the necessity to use it ceases. If the owner of a way of necessity acquires other property over which he may pass, or if a public way is laid out which affords access to his premises, or if a new way is established by a judgment in partition, the right to a way of necessity ceases. . . .''

An examination of the notes to the text above demonstrates that the rule stated is consistent with the weight of authority in this country and in England.

The case of Pierce v. Selleck, 18 Conn. 321, is strikingly interesting as applied to the facts of the case at bar. That court said: ''It is a fallacy to suppose that a right of way of necessity is a permanent right, and the way a permanent way, attached to the land itself, whatever may be its relative condition, and which may be conveyed by deed, irrespective of the continuing necessity of the grantee. . . . It is a principle true from the very nature of the case, and as such is recognized by all the authorities, that a way of necessity, whether it originates in the necessity of the party claiming it, or from the operation of deeds furnishing evidence of the intent of parties, where a necessity exists, is limited by the necessity which creates it, and is suspended or destroyed, whenever such necessity ceases.''

Supporting this statement of the law, see, also, Cassin v. Cole, 153 Cal. 677, 96 Pac. 277; Palmer v. Palmer, 150 N. Y. 139, 44 N. E. 966, 55 Am. St. Rep. 653; Oliver v. Hook, 47 Md. 301.

Affirmed.