**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2023-CA-00160-COA**

**WILLIAM WORD**                                                                                        **APPELLANT**

**v.**

**U.S. BANK, N.A., AS TRUSTEE, SUCCESSOR IN**                              **APPELLEE**
**INTEREST TO WACHOVIA BANK, NATIONAL**
**ASSOCIATION, AS TRUSTEE, SUCCESSOR BY**
**MERGER TO FIRST UNION NATIONAL BANK,**
**AS TRUSTEE, FOR MID-STATE TRUST VII**

DATE OF JUDGMENT:                          06/29/2022
TRIAL JUDGE:                                        HON. MICHAEL CHADWICK SMITH
COURT FROM WHICH APPEALED:      PERRY COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:               CHESTER BARRON McSWAIN
ATTORNEYS FOR APPELLEE:                BETH USRY
                                                            STEVEN PRICE NIXON
NATURE OF THE CASE:                        CIVIL - REAL PROPERTY
DISPOSITION:                                      REVERSED AND RENDERED - 10/15/2024
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., SMITH AND EMFINGER, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     U.S. Bank filed a complaint seeking an easement by necessity across William Word's property.  The Perry County Chancery Court granted U.S. Bank's request for the easement. On appeal from the chancellor's judgment, Word alleges multiple errors.  Because U.S. Bank lacks any right to an easement by necessity over Word's property and provided no evidence regarding the cost of using an available alternate route to access its own property, we find the chancellor erred in awarding an easement by necessity.  We therefore reverse the chancellor's final judgment and render judgment denying U.S. Bank's request for an

easement by necessity across Word's property.

## FACTS

¶2.     Word and U.S. Bank own adjoining parcels of land that were once part of the same larger tract of land owned by Zeno Griffin. The parties agree that the parcel Word now owned was severed from the larger land tract by deed from Griffin in 1996 and that the parcel U.S. Bank now owned was severed from the larger land tract by deed from Griffin in 1997. Word purchased his parcel in 2016, and U.S. Bank acquired its parcel in 2019 through foreclosure proceedings. The larger land tract from which Word's and U.S. Bank's parcels were severed still surrounds the two smaller parcels. As the chancellor noted in his final judgment, "[t]he larger land tract is heirship property in an [e]state that has not been probated." The estate was not made a party to the litigation between U.S. Bank and Word.

¶3.     Relevant to the present appeal, Word's parcel sits directly between a nearby highway and U.S. Bank's parcel. The evidence presented at trial showed that U.S. Bank's parcel became landlocked in 1997 when the parcel was severed from the larger land tract and left without any direct access to the highway. Prior to both Word's and U.S. Bank's ownership of their respective parcels, an unrecorded right-of-way existed across Word's parcel that provided highway access to U.S. Bank's parcel. Based on the parties' testimony and evidence, the chancellor found "no dispute [existed] that the right-of-way has been used by previous owners of [U.S.] Bank's parcel since 1997." The chancellor further found, however, that Word was "not subject to a right-of-way."

¶4.     In his final judgment, the chancellor noted that in early 2019, before U.S. Bank

2

acquired its parcel, "Word barricaded the right-of-way because he suspected the previous owners of [U.S.] Bank's parcel" of illegal activity. The previous owners of U.S. Bank's parcel then "used another route over the surrounding heirship property to access their home." Having since acquired the parcel, though, U.S. Bank asked the chancellor "to establish the blocked right-of-way through Word's parcel as an easement by necessity."

¶5. In response to U.S. Bank's complaint, Word countered that U.S. Bank should finish the nearby alternative right-of-way across the heirship property and extend that route about twenty feet to provide access to its landlocked parcel. Word contended that the alternative right-of-way would be less intrusive than granting the easement by necessity across his parcel. Although the alternate route would traverse a corner of his property, Word stated that he would be agreeable to such a solution. The chancellor noted, however, that U.S. Bank objected to Word's proposed solution "due to additional expense and because it deemed the alternate route impassable in its current condition." The chancellor personally inspected both proposed routes and concluded that although "not completely impassable, [the alternate route] could possibly render damage to any vehicle other than one for all-terrain purposes."

¶6. Following his analysis of the parties' evidence and relevant caselaw, the chancellor found that U.S. Bank had sufficiently proved its entitlement to an easement by necessity across Word's property. As a result, the chancellor granted U.S. Bank's requested relief. Word unsuccessfully moved for the chancellor to reconsider his judgment or, alternatively, to grant a new trial. Aggrieved, Word appeals.

**STANDARD OF REVIEW**

¶7. "Although we review questions of law de novo, we leave a chancellor's factual findings undisturbed when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong or clearly erroneous, or applied an erroneous legal standard." *Hasley v. Hasley*, 385 So. 3d 1258, 1262 (¶13) (Miss. Ct. App. 2024) (citation and internal quotation mark omitted).

## DISCUSSION

### I. U.S. Bank lacks entitlement to an easement by necessity over Word's parcel.

¶8. We recently explained the requirements for granting an easement by necessity as follows:

> An easement by necessity arises by implied grant when a part of a commonly owned tract of land is severed in such a way that either portion of the property has been rendered inaccessible except by passing over the other portion or by trespassing on the lands of another. The party seeking an easement by necessity has the burden of proof and must establish that he or she is entitled to a right of way across another's land. An easement by necessity requires proof that (1) the easement is necessary; (2) the dominant and servient estates were once part of a commonly owned parcel; (3) the implicit right-of-way arose at the time of severance from the common owner. To satisfy this burden, the plaintiffs must show that they possess no other means of access to their property.

*Hobby v. Ott*, 382 So. 3d 1156, 1161 (¶13) (Miss. Ct. App. 2023) (citations and internal quotation marks omitted).

¶9. In addition, the Mississippi Supreme Court has held as follows:

> [O]ne who sells a parcel of land to another which is wholly surrounded by the other lands of the seller, impliedly grants a right of way to the interior lot so sold *over the exterior lands retained*. . . . And when one sells interior lands surrounded in part by the other lands of the seller and in part by the lands of strangers, *the implied grant of a way to the interior land exists over the*

4

*exterior lands of the seller*. The reasons need not be sought afar, for they are obvious at a glance, and they are these - viz.: (1) The owner of the interior land could neither reach nor use his land unless a way to it existed or was capable of being brought into existence, the right to use, occupy[,] and enjoy being essential to impart value to the land; and (2) *this essential right is to be sought in the grant of the seller of the interior lot*, and the buyer is not to be driven to seek to acquire a way over the lands of other adjoining owners. Naturally he would have, under such circumstances, no right to make and use a way over the lands of third parties, and, by law, he could only hope to do so by costly and vexatious proceedings, whereas, by the conveyance of the interior lot, everything was granted which was absolutely prerequisite to reaching and occupying and using the interior lot.

*Taylor v. Hays*, 551 So. 2d 906, 908 (Miss. 1989) (emphasis added) (quoting *Pleas v. Thomas*, 75 Miss. 495, 500, 22 So. 820, 821 (1897)).

¶10. Here, it is undisputed that U.S. Bank's parcel was severed from a larger parcel and became landlocked in 1997. Under Mississippi caselaw, at the time of that conveyance, *the seller* (i.e., Griffin) "implied[ly] grant[ed]" a right of way to the landlocked parcel "*over the exterior lands of the seller*" (i.e., Griffin). *Id.* (emphasis added). It is undisputed that by 1997, Griffin *did not own* the parcel Word now owns. Rather, Griffin had previously conveyed that parcel to Word's predecessor-in-interest in 1996.[1] Therefore, in 1997, Griffin *could not* have impliedly granted U.S. Bank's predecessor-in-interest a right-of-way over Word's parcel. By 1997, Word's parcel was not part of "the exterior lands of the seller." *Id.* And U.S. Bank's predecessor-in-interest would have had "no right to make and use a way over the lands of third parties" such as Word's parcel. *Id.*; *accord* Restatement (Third) of Property, *Servitudes*, § 2.15 cmt. a (2000) ("Only if the cause of the landlocking can be

_____

[1] The 1996 conveyance from Griffin to Word's predecessor-in-interest did not result in a landlocked parcel, as both Griffin's remaining lands and Word's parcel had access to the highway.

5

traced back to a particular conveyance does the common law provide a solution. *The common-law solution is limited to providing access over or through property held by the grantor at the time of the conveyance.*" (emphasis added)). Therefore, U.S. Bank has no possible right to an easement by necessity *over Word's parcel*, and U.S. Bank's claim must fail for that reason.[2]

## II. U.S. Bank presented no evidence regarding the costs of using an available alternative route to access its property.

¶11. We also note that in a recent decision we unanimously reversed the grant of an easement by necessity and rendered a judgment denying such requested relief where the proponents of the easement failed to present "any supporting proof in the record regarding the costs of alternative routes of access" to their property. *Hobby*, 382 So. 3d at 1157-58 (¶1). As we explained in *Hobby*,

> our concern is only whether alternative routes exist. If none exist[,] then the easement will be considered necessary. But where other alternatives exist, we will grant an easement over the neighboring landowner's property if it is the only reasonably necessary alternative available. The necessity should be judged by whether an alternative would involve disproportionate expense and inconvenience, or whether a substitute can be furnished by reasonable labor or expense. However, simply stating that it would appear to be very expensive to access property by some other means is not sufficient. An easement by necessity will *not* be awarded when the only evidence presented was that an alternative route would be longer and less convenient.

*Id.* at 1161 (¶14) (citations, internal quotation marks, and footnote omitted).

¶12. As in *Hobby*, the parties here agree that U.S. Bank "had a possible alternative route

_____

[2] U.S. Bank may have a claim to an easement by necessity over the exterior lands retained by Griffin at the time of the 1997 conveyance. As noted, however, the present-day owners of those lands were not made parties to this case.

6

to access [its parcel] that would not have required utilizing the route across [Word's property] that the chancellor ultimately chose." *Id.* at 1162-63 (¶17). Because an alternative route exists, our caselaw requires that U.S. Bank present "specific evidence of the expenses involved in obtaining access [to its parcel] by alternative routes." *Id.* at 1163 (¶18). "Simply stating that it would appear to be 'very expensive' to access property by some other means is not sufficient." *Swenson v. Brouillette*, 163 So. 3d 957, 965 (¶29) (Miss. Ct. App. 2014) (quoting *Harkness v. Butterworth Hunting Club Inc.*, 58 So. 3d 703, 708 (¶14) (Miss. Ct. App. 2011)). Moreover, "[w]here one seeks to obtain a "way of access' easement by necessity but submits no evidence as to the allegedly higher costs of an alternative route, a trial court will not err in declining to award an easement." *Id.* (quoting *Harkness*, 58 So. 3d at 708 (¶14)).

¶13. Here, the record reflects that U.S. Bank failed to provide any evidence at trial about the specific costs associated with using the available alternative route to access its parcel of land. The only finding on this issue in the final judgment was the chancellor's recognition that U.S. Bank objected to using an alternate right-of-way "due to additional expense." We therefore conclude that even if U.S. Bank possessed a possible right to an easement by necessity over Word's parcel, as in *Hobby*, it still would have constituted an abuse of discretion to grant the easement "without evidence of the allegedly higher costs" associated with utilizing the alternative route available. *Hobby*, 382 So. 3d at 1163 (¶18).

## CONCLUSION

¶14. U.S. Bank has no legal right to an easement by necessity over Word's property and

7

failed to present sufficient evidence regarding the expenses involved in using the available alternate route to access its property. Therefore, U.S. Bank failed to prove its entitlement to an easement by necessity over Word's property, and the chancellor abused his discretion by granting U.S. Bank's requested relief. Accordingly, we reverse the chancellor's judgment and render judgment denying U.S. Bank's request for an easement by necessity across Word's property.

¶15. **REVERSED AND RENDERED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. WILSON, P.J, CONCURS IN PART I AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WEDDLE, J., NOT PARTICIPATING.**