[No. 11558.  In Bank.—November 25, 1889.]

CHRISTOFERO RAZZO, RESPONDENT, v. NICOLA VARNI ET AL., APPELLANTS.

TRESPASS — DAMAGES — PLEADING — DEMURRER FOR AMBIGUITY. — A complaint merely setting forth in detail the circumstances attending an unauthorized and aggravated trespass on the close of plaintiff, which have a material bearing on the question of damages, is not demurrable for ambiguity as to what the damages arose from.

ID. — EVIDENCE — ESTIMATE OF DAMAGES — GROUNDS OF ESTIMATE — CROSS-EXAMINATION. — A witness is not required to state the reasons or grounds on which he estimates the amount of damage to which he testifies before he can testify to such estimate. The party calling the witness may ask for such reasons, or not, as he may choose; they may be made the subject of cross-examination by the opposing counsel, in which great

latitude should be allowed; but if opposing counsel fail to avail them-
selves of such cross-examination, they cannot object to the evidence that
no grounds of the estimate were stated.

ID. — PROOF OF DAMAGE — INSULT AND FRIGHT CAUSING ILLNESS OF
PLAINTIFF'S WIFE. — Evidence is admisible to show that a forcible tres-
pass on the close of plaintiff was accompanied by circumstances of insult
and fright to plaintiff's wife which caused her illness for a long period,
and to show that she was in a condition where fright might have caused
her illness.

ID. — EXCESSIVE DAMAGES. — Under the circumstances of this case, a verdict
for one thousand dollars damages for a forcible trespass, reduced by a
conditional order refusing a new trial to five hundred dollars, held not
excessive.

RIPARIAN OWNERSHIP — DIVERSION OF SPRING. — There can be no question
of riparian ownership where there is no bed or channel in which water
runs.

INSTRUCTIONS — APPLICABILITY TO EVIDENCE. — Instructions not pertinent
to the evidence in the case are properly refused.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
refusing a new trial.

The complaint set forth a forcible trespass of the de-
fendants upon the close of the plaintiff, bounded by
West Lake, East Eake, and Mount Vernon avenues, and
Lake Geneva, in the west end of San Francisco, alleged to
have been committed on December 20, 1883. The com-
plaint avers that the "close was then the property of, and
in the quiet and peaceable possession of, said plaintiff,"
and that defendants " then and there willfully, unlaw-
fully, and maliciously, and with force and arms, broke and
dug up said close, and the soil, earth, and ground of said
close, and made a large, long, and deep ditch in said close,
and diverted the waters from a certain spring on said
close, and converted and appropriated the waters of said
spring to their (said defendants') own use, said spring
and the waters thereof being then the property of plain-
tiff; and broke and destroyed a large quantity of rushes
then and there growing on said soil, and the property of
plaintiff, and frightened and terrorized Catarina Razzo,
the wife of plaintiff, whereby she became sick and was

injured; and then and there disturbed the plaintiff in the
use, possession, and occupation of said close, and pre-
vented him from enjoying the same as he otherwise
would have done; whereby said plaintiff has been in-
jured and damaged in his said close, and in said soil
and rushes and said spring, and the waters thereof, and
in the use and enjoyment thereof; and by reason of all
which premises aforesaid, said plaintiff is injured and has
sustained damages in the sum of five thousand dollars."
The defendants demurred to the complaint upon the
grounds that it "is ambiguous, uncertain, and unin-
telligible, in this: that it does not appear from the com-
plaint whether the alleged damages to the plaintiff arose
from the alleged trespass upon the land by the digging
of the ditch, the appropriation of the waters of the
spring, injury to the rushes, or personal injury to Cat-
arina Razzo, the wife of plaintiff, or by preventing the
plaintiff from the use or enjoyment of said premises";
and "that there is a misjoinder of causes of action, in
this: that a cause of action for breaking into and dig-
ging up plaintiff's soil is united with a cause of action
for diverting the waters of a spring; also with a cause of
action for damages to personal property; also with a
cause of action for personal injuries to the wife of plain-
tiff; also for a cause of action for trespass and disturb-
ing possession of the plaintiff."   The further facts are
stated in the opinion of the court.

*M. C. Hassett, Winans & Belknap*, and *J. B. Harmon*,
for Appellants.

*T. B. Coogan*, for Respondent.

THORNTON, J.—I have examined the record in this case
carefully, and find no error in it.

There is no ambiguity in the complaint.   It merely
sets forth in detail the circumstances attending an
unauthorized and aggravated trespass on the close of

plaintiff which have a material bearing on the issue of damages.

The court ruled correctly on the questions put to plaintiff as to his estimate of the amount of damage. It is to me a novel and unprecedented rule that a witness, before he can testify as to the amount of damage, must state the *reasons, or grounds, or basis* on which he estimates that amount. The lack of or defect in any reason or ground of basis of estimate can be made to appear by cross-examination. A competent witness (there is here no objection to witness's competency) may give his estimate, which can be admitted by the trial court. The party calling forth the testimony may, if he chooses, ask for the reasons or grounds on which the witness bases his estimate, but he is not bound to do so. The testimony is admissible, whether the party calling out the testimony inquires as to the grounds of estimate, or does not so inquire. The opposing counsel, on cross-examination, may make such inquiry, and may thus show that there is no ground or basis on which such estimate can be made or upheld, and that, therefore, such estimate is fallacious, and not to be relied on. Should he fail to do this, it is his own fault, and he cannot be heard to complain in this court. Here the defendants' counsel had abundant opportunity to cross-examine the witness as to the basis on which he made his estimate, and failed to do so. The aim and end of all cross-examination is to sift, explain, or modify what has been said on the examination in chief, and to discredit the witness. The evidence here might have been sifted by the cross-examiner calling out, when it became his turn to take the witness, the reasons, or ground, or basis on which he made his computation, or estimate, as to damage, and he might have shown that the estimate was based on grounds illusory and unsubstantial. A court cannot say, as a matter of law, that a witness who gives his opinion as to value, or testifies to an estimate of damage, has no crite-

rion in his mind on which he founds his opinion or esti-
mate.   It would be inconsequential and unreasonable to
assume such a vacant state of mind to exist, and would
be contrary to all psychological rules.   If the mind of
the witness is so vacant, it can be made to appear by
cross-examination.   A court has no more right to assume
that a witness testifies on such matters without grounds
for it than it has to assume that a witness whose testi-
mony bears the usual marks or *indicia* of truth is testi-
fying falsely.   The grounds or basis of a witness's opinion
or estimate can always be sifted or examined into and
tested by cross-examination, and this is the mode the
law has prescribed to accomplish such end.   This is the
common, every-day mode, constantly resorted to in prac-
tice on trials in courts, and it is an eminently satisfactory
and adequate mode.   The court committed no error in
its ruling on these questions.   The counsel had full
opportunity to sift the witness and his testimony on
cross-examination, of which he failed to avail himself.
(See 1 Thompson on Trials, c. 17, on cross-examination,
secs. 405, 406, 408–413.)   In section 413, just cited, the
author correctly states: " Where a witness has, on his
examination in chief, given his opinion as to value, he
may be cross-examined in full respecting his reasons for
such opinion; and here the rule applies that great latitude
should be allowed in cross-examination (citing *Missouri*
*etc. R. R. Co.* v. *Haines*, 10 Kan. 439; *Central Branch*
*R. R. Co.* v. *Anderson*, 30 Kan. 590; *Atchison etc. R. R.*
*Co.* v. *Blackshire*, 10 Kan. 477, 486; *Markel* v. *Moody*, 13
Neb. 323, 327), the limits of which, when no rule of law
is violated, are within the discretion of the presiding
judge (citing *Miller* v. *Smith*, 112 Mass. 470).   A ques-
tion is proper which enables the jury to see upon *what*
*basis* the witness has made his estimate of value, or which
connects his general estimate of value with the thing in
respect of which the injury is predicated" (citing *Atchi-*

*son etc. R. R. Co.* v. *Blackshire,* 10 Kan. 477; see also *Thompson* v. *Morley,* 46 Mich. 470).

Nor did the court err in its ruling in admitting evidence to show that the plaintiff had a wife and a child, and that the child was only six or seven months old, which his wife was then nursing. The trespass complained of was an aggravated one, and was committed with force, thirteen men entering the close to dig a ditch inside of plaintiff's inclosure. One man came with a hoe, another with a shovel, and another with a gun. The gun was left outside of the inclosure. This display of force was calculated and was no doubt intended to intimidate, and therefore it may be said that the entry complained of was made with force. Plaintiff's wife attempted to stop them from digging the ditch. She alone, as far as the testimony shows, appeared on the ground and attempted to get the invaders to desist from digging the ditch. She was treated with derision, and there was testimony to show that she was roughly pushed about. She testified that she became sick from the fright and excitement caused by the treatment she there received, which sickness continued for three months. The evidence was admissible to show that she was in a condition where fright might have affected her, as she testified it did. It was also admissible to show that the forcible entry was accompanied by circumstances of insult which had a material bearing on the question of damage.

It is said the verdict was excessive. I do not think so. The amount found by the verdict was one thousand dollars, and the court required plaintiff, as a condition of refusing a new trial, that he should remit five hundred dollars. This was done, and the new trial was denied. The defendants have no ground to complain of this amount. In my judgment the court might well have allowed the amount found by the jury to remain unchanged.

I find no error in refusing the request for instructions

to the jury, to which the court's attention is called by defendants. The instructions requested had no pertinence to the case, but were entirely outside of it. There was no riparian ownership. The testimony showed no watercourse. There was no bed or channel in which the water ran, and consequently there could be no *ripa* bank, and hence there could be no *riparian* or *bank owner.*

The evidence, in our view, is sufficient to justify the verdict.

We find no error in the record, and the judgment and order must be affirmed.

McFARLAND, J., WORKS, J., BEATTY, C. J., and SHARPSTEIN, J., concurred.

Fox, J., dissenting.—I dissent. In my judgment the evidence, even if competent (which I do not concede), fails to show damage to an amount equal to one tenth the sum recovered. Whatever damages were attempted to be proved were such as grew out of loss of profits in the business, and the testimony as a whole shows by a great preponderance that this loss resulted from causes other than such as can be traced to the acts of defendants, and was common to all persons engaged in the business at that time.

Besides, I am at a loss to see upon what principle the court can allow a recovery for damages accruing after the commencement of the suit, under a complaint not framed for the purpose; and every dollar of the damage proved, or attempted to be proved, in this case accrued long after the suit was brought, while the complaint was never, either originally or by amendment, framed for the recovery of such damages.