[S. F. No. 4613.   Department Two.—May 29, 1908.]

# CHARLES T. CASSIN, Respondent, v. D. W. COLE, Appellant.

WAY OF NECESSITY—CESSATION OF NECESSITY—DEDICATION OF ROAD.— A way of necessity over the lands of a grantor arises from necessity alone and continues only while the necessity exists. After the grantor has dedicated over his lands a road for the use of the grantee, the latter's right to a way of necessity ceases, notwithstanding the road so established is less convenient than the way previously used.

TRESPASS TO LAND—DAMAGES—EVIDENCE.—In an action to recover damages for trespass to land evidence of the plaintiff to the effect that by reason of the trespass he had lost the growth of trees for two years "and was damaged in the sum of $100," is sufficient to sustain a judgment for the plaintiff in that amount. If the defendant questioned the soundness of the plaintiff's estimate of damages, he should have inquired upon cross-examination and shown the reasons and the foundation upon which the estimate rested.

APPEAL from a judgment of the Superior Court of San Benito County and from an order refusing a new trial. M. T. Dooling, Judge.

The facts are stated in the opinion of the court.

H. C. Wyckoff, for Appellant.

C. M. Cassin, and Briggs & Hudner, for Respondent.

HENSHAW, J.—This action was for an injunction to restrain defendant from alleged repeated acts of trespass upon plaintiff's land in driving and traveling across it. Damages were sought in the sum of one hundred dollars. Defendant asserted an easement and right of way across plaintiff's land, and the existence of this right of way is the principal matter in controversy between the parties. After trial the court gave judgment for plaintiff as prayed for. The findings, which are supported by the evidence, though as to certain matters the evidence is conflicting, were to the effect that the defendant purchased a farm of 325 acres from Jesse D. Carr, who was the owner of a very large tract of land,

at that time undivided. Defendant's land did not touch upon any public street. He explained this to Carr, who replied that he would give defendant an outlet. Defendant wanted Carr to include a right of way for a road in the deed, but Carr declined to do so, stating that he could not tell where the road designed for the land bought by appellant would be until the whole tract had been surveyed and subdivided. He told appellant, however, that he proposed to make a way out for everybody and that every piece of land he sold should have a way to a road. Meanwhile he gave appellant permission to travel over his land until it was subdivided. Appellant was to travel where anybody was traveling on the ranch, so long as he did not interfere with the farming business. At no time did Carr tell appellant that he should have a right of way over any particular part of the land, but only that he should travel as other people traveled over the ranch. Entering the ranch by a gate, people traveled about as they chose, sometimes following one track and sometimes another. This they did, without express permission, but nobody objected so long as the gates were closed. Appellant in traveling across the lands of Carr traversed lands subsequently purchased by this plaintiff. No objection was made to appellant's doing this while the land was used for farming purposes. In fact the respondent informed appellant that he could continue using the road until respondent devoted the land to other purposes than farming. Some years after, Carr's land was finally subdivided and a road laid out through the ranch along appellant's south line, which would give him access to the county road without traversing the land of any other person. But appellant continued to travel by the old route under this license from respondent, as it was more direct and convenient for his purposes, and some little labor and expense would be necessary in making the road dedicated by Carr suitable for travel. So things continued, appellant still driving with the respondent's permission over the latter's land until respondent desired to plant the land to orchard trees, when he requested appellant to cease traveling over it. Appellant refused to do so, and here asserts his right to the old road by prescription and as a road of necessity. The findings of the court, supported by the evidence, are destructive of the

appellant's contention of prescriptive right. It is made to appear that the road which he traveled was used permissively until such time as his grantor should delimit and dedicate a permanent road for his purposes. After this was done appellant's continued use of the old road was still, as found by the court, under revocable permission given by respondent.

The facts so found render unnecessary any consideration of the law governing rights of way by prescription, and as little force can be accorded appellant's contention that he acquired a perpetual right over the old way by necessity. It was shown that he was allowed to travel over any part of the ranch until such time as a specific road was described and dedicated to his use. A way of necessity arises from necessity alone and continues only while the necessity exists. Unquestionably appellant had a way of necessity across his grantor's ranch until a road was dedicated to his use, but when that was done his right to a way of necessity ceased, and it matters not that the old road was more convenient for his purposes. When it ceased to be indispensable the right ceased. (*Kripp* v. *Curtis*, 71 Cal. 65, [11 Pac. 879]; *Carey* v. *Rae*, 58 Cal. 163; *Blum* v. *Weston*, 102 Cal. 369, [41 Am. St. Rep. 188, 36 Pac. 778].)

Upon the question of damages plaintiff testified as follows: "I did not put in the orchard on account of his traveling through there. I did not want an orchard where a man was going through it. I lost the growth of the trees for two years and was damaged in the sum of one hundred dollars. I don't know whether it is easy to get at damages of this kind." Upon this appellant contends that the damages awarded were because of the loss of the growth of the trees for two years, and insists that damages upon this account are not allowable in an action such as this. (*Dorsey* v. *Manlove*, 14 Cal. 553; *Chicago* v. *Huenerbein*, 85 Ill. 594, [28 Am. Rep. 626].) If this were the only legitimate and possible construction which could be put upon plaintiff's evidence above quoted, much force would attach to appellant's contention. But it is equally open to the construction that plaintiff meant that he lost the growth of the trees for two years, and in addition was damaged in the sum of one hundred dollars. So construed, it was the duty of appellant's counsel, if they questioned the soundness of this estimate of damages, to have

inquired upon the cross-examination and shown the reasons and the foundation upon which the estimate rested. (*Razzo* v. *Varni*, 81 Cal. 289, [22 Pac. 848].) Failing to do this, the evidence of plaintiff is sufficient to support the judgment rendered.

The alleged errors of the court in ruling upon the evidence and in overruling appellant's demurrer to plaintiff's second amended complaint do not call for special consideration. The evidence which the court admitted was pertinent and proper, and its decision overruling the demurrer was sound. The complaint was in the usual and sufficient form for an injunction to prevent future trespasses and for the award of damages for trespasses already committed. (*Hughes* v. *Dunlap*, 91 Cal. 390, [27 Pac. 642]; *Jacob* v. *Lorenz*, 98 Cal. 332, [33 Pac. 119].)

The judgment and order appealed from are affirmed.

Lorigan, J., and McFarland, J., concurred.

A petition for a hearing in Bank having been filed the following opinion in Bank was rendered thereon on June 25, 1908.

THE COURT.—Rehearing denied. The judgment is not susceptible of the construction sought to be placed upon it by appellant. It does not limit his right to travel on Aromitas Avenue to one direction only.