HERMAN I. GOLDMAN, PLAINTIFF-APPELLEE, v. BEACH
FRONT REALTY COMPANY, DEFENDANT-APPELLANT.

Argued February 23, 1912—Decided June 18, 1912.

1. An instrument in writing under seal, which invests a party thereto
   with the right to go upon described land at certain hours, and
   there conduct a specified business during a specified term, creates
   an easement in gross and not a mere license; and such ease-
   ment is not determined by the conveyance of the fee in the land
   during the term.
2. An easement is not necessarily a right in fee, though usually so.
3. The remedy for disturbance of an easement is an action on the
   case.

On appeal from the District Court of Atlantic City.

Before Justices TRENCHARD, PARKER and MINTURN.

For the appellant, *Chandler & Robertson.*

For the appellee, *Garrison & Voorhees.*

The opinion of the court was delivered by

PARKER, J. The action is in tort and is based upon the
forcible deprivation by the defendant of plaintiff's privilege
of using, at certain hours, a portion of the entrance of a
business property fronting on the board walk at Atlantic
City for the purpose of plaintiff's business of renting rolling
chairs. It appears that the corporation known as Young's
Amusement Company owned a piece of land and building
thereon with an entrance on the board walk where that com-
pany operated what is known as a merry-go-round. Under
date of June 1st, 1911, by instrument under seal, which in
its general provisions is in the form of a lease, and, very prob-
ably was drawn on a printed form of lease or adapted there-
from, the amusement company "did grant, demise, lease and
to farm let" to the plaintiff the "privilege" to use a certain

space situate on the board walk, &c., and known as the entrance to the merry-go-round of the Young's ' Amusement Company "for the renting of rolling chairs, to be occupied only on Sundays and between the time the merry-go-round shall be closed in the evening until six o'clock in the morning on week days." Then follow certain restrictions as to the way the rolling chairs ought to be placed; the rent is named as such and fixed at $15 a month, payable in advance on the second day of each month. And it was further agreed that the plaintiff was to have the exclusive privilege of renting rolling chairs on the premises of the Young's Amusement Company. Then follow a covenant to pay rent and a covenant not to assign the lease, "or any part thereof," or permit the use thereof for any other purpose than the renting of rolling chairs, nor to suffer alterations to be made therein, and for surrender of the lease and a covenant for quiet enjoyment; ' in short, the operative words of the covenants and conditions are all those of an ordinary lease. The term was to extend until January 2d, 1913.

Plaintiff seems to have enjoyed the right or privilege conferred by this instrument so long as the Young's Amusement Company continued to operate the merry-go-round; but during the term that company sold the property and agreed to remove the merry-go-round, and did so, the grantee wishing to conduct another business there; and said grantee notified plaintiff to vacate, and on his refusal to do so there were certain forcible acts which resulted in the entire exclusion of plaintiff from the privileges theretofore enjoyed under the instrument in question. He brought suit for damages in tort, claiming for loss of profits, and was awarded a judgment of $171, for the period between November 16th, 1911, and December 4th, 1911.

The sole ground of appeal is that the court erred in refusing to nonsuit the plaintiff. Motion to nonsuit was put upon the grounds—*first*, that the agreement was not a lease in contemplation of law; *second,* that the removal of the merry-go-round by the grantor of the privilege operated as a

cancellation of the agreement, and *third,* that "it was not assignable."

The last ground is vague and to us meaningless, because there was no assignment of the plaintiff's privilege, and if it is meant that the privilege ceased with the conveyance of the fee and the change of use, this point is covered by the second ground. The appellant contends that the agreement did not constitute a lease, but that it conferred only a license, and that this was revocable. It may be conceded that it was not a lease, although, as already noted, it was completely drawn in form as such. If it was a license it was properly revocable, unless coupled with an interest (18 *Am. & Eng. Encycl. L.* (*2d ed.*) 1147; *East Jersey Iron Co.* v. *Wright,* 5 *Stew. Eq.* 248) ; and in such case there can be no recovery in tort, but only for breach of the contract. *Wood* v. *Leadbitter,* 13 *M. & W.* 838; 16 *E. R. C.* 49; *Shubert* v. *Amusement Co., post p.* 101. The present action being in tort, these rules would apply and would bar a recovery in this case.

We are of opinion, however, that the instrument in question conferred more than a license, and that what was created thereby was an easement. Ordinarily the existence of an easement is predicated upon that of a tract of land to which it appertains as respects another tract of land subjected thereto, but there is a class of easements or of interests in land akin thereto and called for convenience easements in gross, and which are well recognized in the law. It is plain from an examination of the instrument under seal constituting the contract between the parties, that the plaintiff was invested with the right (called a privilege) to go upon a certain portion of the land afterwards conveyed to the defendant at certain periods of the twenty-four hours constituting a day and on all of Sunday, and there conduct a certain specified business, such privilege to last for a definite term, of about nineteen months. Ordinarily an easement is a right in fee, but not necessarily so, and that it may be for an estate less than a fee or even for a term of years is fully recognized by the Court of Errors and Appeals in *Newhoff*

v. *Mayo,* 3 *Dick. Ch. Rep.* 619 (at *p.* 623), where the court said: "Such a right, while it endures, has every characteristic of an easement, and should be governed by the rules relating to such incorporeal hereditaments." The present case closely resembles *Willoughby* v. *Lawrence,* 116 *Ill.* 11, where plaintiffs, in consideration of building a fence around a race track, under written contract, were granted the privilege of using the fence for advertising purposes, and after the sale of the fee, were prevented from so doing, and it was held that they were entitled to enforce their right by injunction.

The remedy for disturbance of an easement is an action on the case. 14 *Cyc.* 1216; *Osborne* v. *Butcher,* 2 *Dutcher* 308; and the state of demand, generally in tort, may be properly regarded as a declaration in case.

We cannot see that the discontinuance of the use of the premises for the purposes of a merry-go-round could result in a discontinuance of the easement. The only thing on the face of the written instrument that is uncertain is the hour when the merry-go-round closes at night, and the usual hour of closing could, of course, be readily ascertained by oral proof. The amount recoverable by plaintiff as damages for disturbance of the easement is, of course, not in question on the motion of nonsuit. If the plaintiff were entitled to nominal damages only in the present case, a motion to nonsuit could not prevail.

The judgment should be affirmed.