[S. F. No. 13454.   In Bank.—July 23, 1931.]

GENEVIEVE C. MARTINELLI, Respondent, v. CANDIDO M. LUIS, Appellant.

E. J. Dole and Carl Barnard for Appellant.

Wallace L. Ware and Jordan L. Martinelli for Respondent.

SHENK, J.—This is an appeal from a judgment in favor of the plaintiff in an action to establish a right of way across the lands of the defendant.

The complaint alleges two causes of action. The first alleges a right of way by necessity as appurtenant to the grant by which the plaintiff and her predecessors in interest acquired the property. The second alleges a right of way by prescription. The defendant answered denying the existence of the right of way on either ground and filed a cross-complaint to have his rights quieted as against the asserted easement. The court found in favor of the plaintiff as to both causes of action and issued a permanent injunction restraining the defendant from interfering with the plaintiff's established right.

The appeal is grounded on the proposition that the findings supporting both causes of action are inconsistent; that it cannot be determined upon which theory the court predicated its judgment and injunctive order, and that the findings as to the prescriptive right are not supported by the evidence.

If a permanent injunction could be based on both causes of action the alleged inconsistency would seem to be immaterial, for in any event the plaintiff would be entitled to the establishment of a perpetual right. But the right by necessity arises in grant and is limited in duration to the continuance of the necessity. (Washburn on Easements, 4th ed., p. 260.) And the rules seem to be well settled that no length of user by way of necessity can ripen into an easement by prescription, at least while the necessity

continues, for the reason that the right of way having arisen by necessity, the possession and use thereof is referable to the right appurtenant to the grant and cannot be made the foundation for a prescriptive right so long as the right by necessity continues. (9 R. C. L., p. 778.) It would seem to follow that the time when the prescriptive right would commence to run would be not earlier than the cessation of the right by necessity.

The evidence is sufficient to support the findings on the first cause of action and the necessity has not ceased. Since this is true the adverse user has never commenced and the findings on the second cause of action are not supported by the evidence. Such unsupported findings therefore become immaterial or nonessential and may be disregarded. (*American Nat. Bank* v. *Donnellan*, 170 Cal. 9 [Ann. Cas. 1917C, 744, 148 Pac. 188].) Every intendment being in favor of the judgment, it will be assumed that the judgment was ordered pursuant to the findings which are supported by the evidence rather than upon the unsupported findings. Therefore the claimed inconsistency in the findings, as a controlling question, disappears from the case.

It was not necessary that the plaintiff be forced to elect at the trial as to which cause of action she would stand upon. She had a claim based upon necessity arising from grant to her and to her predecessors. She also had a claim based on a continuous user for nearly forty years. If she should fail in her proof of a right of way by necessity her proof of a right by prescription would be established. It is the fact and not the claim of necessity that would prevent the prescriptive time from commencing to run.

Something should be said with reference to the operation of the injunction. It is perpetual in form. Since it is based on a right by necessity it is perpetual in the sense that it continues so long as the necessity exists. When the necessity ceases the injunction should terminate and its operation should be limited by the law which thus surrounds it. With this observation it is deemed unnecessary to modify it.

The judgment is affirmed.

Preston, J., Curtis, J., Waste, C. J., and Seawell, J., concurred.