[Civ. No. 2649. Fourth Dist.—April 25, 1941.]

ALICE A. IRVIN, Appellant, v. VEDA M. PETITFILS, Respondent.

Dailey S. Stafford for Appellant.

Barker & Keithley for Respondent.

MARKS, J.—Plaintiff brought this action to quiet her title to an easement of way fourteen feet wide over defendant's property. An interlocutory judgment was entered awarding plaintiff a right of way over the west eight feet of Veda M. Petitfils' property and decreeing that as soon as defendant cleared that eight feet of obstruction to travel, plaintiff's right to the use of the fourteen feet she claimed would end and de-

fendant's title to it would be quieted. We will hereafter refer to Veda M. Petitfils as the defendant.

Prior to 1925, John W. and Elizabeth Woolard owned lots 19 and 20 of the Vermont and Melrose Avenue Tract in the city of Los Angeles. The lots face east and front on Vermont Avenue. The south line of Clinton Street forms the north line of Lot 19. Lot 20 adjoins Lot 19 on the south.

Several years before either party to this action had acquired any interest in either lot, Mr. and Mrs. Woolard erected two apartment houses, one on each lot. They also erected a continuous row of garages on the west portions of the two lots, with four of the garages opening on Lot 20 and five of them opening on Lot 19. An areaway twenty-seven feet wide was constructed of cement immediately in front of the garages. This was connected with Clinton Street by a cement driveway. We will refer to this as the Woolard driveway.

This driveway and the areaway over Lot 19 furnished the only means of ingress and egress to and from the garages on Lot 20 to a public street. There was no other way provided for vehicles and plaintiff sought to establish her right to a way over the east fourteen feet of the areaway and the driveway on Lot 19 which had been used by the occupants of both properties continuously and without objection until a short time before this action was brought.

In January, 1925, the Woolards sold Lot 20 to plaintiff. Besides conveying the lot to her there was included in the grant a ''perpetual right-of-way for driveway purposes over and upon the rear eight (8) feet of Lot Nineteen''. This deed was recorded on February 7, 1925.

By a deed dated April 26, 1925, the Woolards conveyed Lot 19 to defendant ''SUBJECT TO . . . Conditions, restrictions, reservations, easements and rights of way of record.'' Thus the right of way granted to plaintiff was reserved from this grant to defendant.

The occupants of both properties used the Woolard driveway without objection until in June, 1937, when defendant wrote plaintiff a letter informing her that she proposed to remove the garages from the eight foot right of way at the rear of Lot 19, and that when it was cleared of obstructions she would require plaintiff and her tenants to use that driveway and to cease using the Woolard driveway. Defendant

started the work of moving the garages on Lot 19 and plaintiff instituted this action.

Plaintiff probably bases her right to recover upon the following theories: An implied grant of a way of necessity; the way over Lot 19 was appurtenant to Lot 20 and passed by grant to her; title to the easement by prescription. The trial court found against her on all issues.

Little need be said concerning a way of necessity as one could not be established under the facts of this case. (*Corea* v. *Higuera,* 153 Cal. 451 [95 Pac. 882, 17 L. R. A. (N. S.) 1018] ; 9 Cal. Jur. 967; secs. 17, 18, 19.)

Further, as was said in *Cassin* v. *Cole,* 153 Cal. 677 [96 Pac. 277] :

"A way of necessity arises from necessity alone and continues only while the necessity exists. Unquestionably appellant had a way of necessity across his grantor's ranch until a road was dedicated to his use, but when that was done his right to a way of necessity ceased, and it matters not that the old road was more convenient for his purposes. When it ceased to be indispensable the right ceased. (*Kripp* v. *Curtis,* 71 Cal. 65 [11 Pac. 879] ; *Carey* v. *Rae,* 58 Cal. 163; *Blum* v. *Weston,* 102 Cal. 369 [41 Am. St. Rep. 188, 36 Pac. 778].)"

Plaintiff maintains that as the Woolard driveway was the only means of ingress and egress provided for the occupants of Lot 20 who used the garages on that lot; that as it was established and used by the Woolards and their tenants, and that as it was in existence and use at the time of her purchase and was pointed out to her by Woolard as the means of reaching the garages on her property, it was then a servitude on Lot 19 for the benefit of Lot 20 to which it was appurtenant and which right of way passed to her by necessary implication in the grant of that property. It is true that a right of way appurtenant to property may pass by necessary implication by the deed to that property. (*Corea* v. *Higuera, supra.*)

An easement that is a servitude on land may pass by grant though it is not attached to land. (Civ. Code, sec. 802.) However, "The extent of a servitude is determined by the terms of the grant, or the nature of the enjoyment by which it was acquired." (Civ. Code, sec. 806.)

We may assume the soundness of every argument advanced by plaintiff under this phase of the case and still we cannot disturb the judgment.

We regard the reasoning and authorities cited in *Eastman* v. *Piper,* 68 Cal. App. 554 [229 Pac. 1002], as determinative of this issue. There the owner of one tract of land granted to another an easement of way which was to exist until a certain street was opened along the grantee's property. In discussing this grant the court said:

"While it is true that ordinarily an easement is a right in fee, it is not necessarily so. The interest of an easement may be less than a freehold; it may be a chattel interest. That is, it may be an estate in fee, or less than fee, or even for a term of years. (*Goldman* v. *Beach Front etc. Co.,* 83 N. J. L. 97 [83 Atl. 777] ; 19 C. J., p. 862, title 'Easements,' par. 1.)

"Again, it is suggested that the right or privilege granted to Moffit, his heirs or assigns, cannot amount to an easement for the reason that it is a right or privilege of indefinite duration, i. e., it is to continue until Alta Vista Street shall be extended past the west half of Lot G—an uncertain event which may or may not happen, and if it does happen it may occur in either the near or remote future. We fail to see how this aspect of the question is necessarily subversive of our conclusion that the instrument evidences an intention to create an easement. The argument is tantamount to a claim that the interest of an easement may not be a base, qualified or determinable fee, i. e., an estate which may last forever but which may end on the happening of a merely possible event. (*Des Moines City R.* v. *Des Moines,* 183 Iowa, 1261 [L. R. A. 1918D, 839, 159 N. W. 450, 165 N. W. 398] ; 21 C. J., p. 922, title 'Estates,' par. 18.) It is well established that an easement, like any other estate in land, may be such base or determinable fee. (*Hall* v. *Turner,* 110 N. C. 292 [14 S. E. 791].)"

■ In the instant case the interlocutory judgment gave plaintiff the use of the Woolard driveway until her driveway over the rear of Lot 19 was cleared of obstructions. This had the effect of recognizing plaintiff's claim to the right to use the Woolard driveway, but, contrary to her contention, held that this easement was a determinable interest that terminated when plaintiff was given the use of her deeded right of way. Under this claim made by plaintiff we need only decide the

question of the sufficiency of the evidence to support the findings that the right to use the Woolard driveway ended when the other way was cleared of obstructions so that it could be used.

Plaintiff was represented in the negotiations which resulted in the purchase of Lot 20, by a Mr. Sexton, who, as her agent, negotiated the terms of the purchase. Mrs. Woolard testified that Mr. Sexton was told that plaintiff could use the Woolard driveway until the eight foot driveway on the rear of Lot 19 was cleared and opened for use. Of course, notice to the agent was notice to the principal.

Mazie A. Pomy testified to a conversation between plaintiff and Mr. Woolard relative to the use of the Woolard driveway. The witness testified that plaintiff said she would not buy the property unless she was given a right of way over the rear eight feet of Lot 19; that Mr. Woolard agreed to convey this right of way to her and told her she could use the Woolard driveway until the eight foot right of way was cleared; that plaintiff "said that she would use it (the Woolard driveway) until such time as Petitfils would want to use the lot, and then Petitfils would have to move their garages around and give her eight feet in the back to get around to the back."

Escrow instructions signed by plaintiff contained the following: "You will see that the deed when executed also conveys a right-of-way for driveway purposes over and upon the rear 8 ft. of Lot 19 of Vermont & Melrose Ave. Tr." As we have seen, the deed from Mr. and Mrs. Woolard to plaintiff conveyed to her a right of way over the rear eight feet of Lot 19. A deed of trust on the property signed by plaintiff included the following description: "A perpetual right of way for driveway purposes over and upon the rear Eight (8) feet of Lot Nineteen (19) of said Vermont and Melrose Avenue Tract."

This evidence amply supports the conclusion drawn by the trial court that plaintiff's right to use the Woolard driveway would end when the eight feet which had been deeded for a right of way was cleared of obstructions. In fact a contrary finding would find little evidence to support it.

The evidence we have already outlined negatives plaintiff's claim to a prescriptive right to use the Woolard driveway as a prescriptive right cannot be predicated on a permissive use. (*Matthiessen* v. *Grand,* 92 Cal. App. 504 [298 Pac. 657];

*Tarpey* v. *Veith,* 22 Cal. App. 289 [134 Pac. 367].) A prescriptive right must be based on open, notorious and adverse use. When the use is permissive it cannot be adverse. (*Janke* v. *McMahon,* 21 Cal. App. 781 [133 Pac. 21] ; *Pacific Gas & Elec. Co.* v. *Crockett L. & C. Co.,* 70 Cal. App. 283 [233 Pac. 370].) It follows that plaintiff's claim of a prescriptive right to use the Woolard driveway must fail as it was permissive and not adverse.

■ Plaintiff claims error in an order of the trial court striking out her testimony that Mr. Woolard pointed out the Woolard driveway to her. If this was error it was harmless. The driveway was in plain sight and was known to all parties. Plaintiff was given the determinable right to use it. Because Mr. Woolard pointed it out to her could not extend her right to use it beyond the agreed limitation on that right nor enlarge her estate in it.

■ Plaintiff complains of a ruling of the trial court in admitting in evidence a conversation between defendant and Mr. Woolard to the effect that plaintiff's right to use the Woolard driveway would terminate when her eight foot right of way was cleared of obstructions. This evidence was admitted for the very limited purpose of explaining why defendant had not objected to the use of the Woolard driveway by plaintiff and her tenants prior to 1937. No harm followed from the admission of the evidence for that limited purpose. (*Pacific Gas & Elec. Co.* v. *Crockett L. & C. Co., supra.*)

Plaintiff argues that the findings are conflicting. This may be true in unimportant particulars which furnish no sufficient ground for a reversal of the judgment. Other errors complained of are trivial and do not require separate consideration. They were not prejudicial to the rights of plaintiff.

A great preponderance of the evidence supports the findings which support the judgment. The judgment is just and gives plaintiff every right to the use of the Woolard driveway that she could legitimately claim.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.