[Civ. No. 7196. Third Dist. Oct. 26, 1945.]

JULIA SMITH, Appellant, v. FRED SKRBEK et al., Respondents.

Charles Kasch for Appellant.

Burke & Rawles for Respondents.

THOMPSON, J.—The plaintiff and cross-defendant has appealed from a judgment denying her a right of way claimed to have been acquired by prescription over the land of the defendants and cross-complainants.

The important question is whether the evidence is sufficient to sustain the implied finding of the trial court that plaintiff never acquired a prescriptive right to the use of the roadway over defendants' land.

The plaintiff and J. P. Smith are husband and wife. In March, 1936, the plaintiff bought her ranch consisting of 7.75 acres of land in Mendocino County adjacent to the public highway between Booneville and Navarro. It contained a house, garage, shed and a small orchard and vineyard. The dwelling house was subsequently destroyed by fire. For a period of about five years and eight months after purchasing her ranch, before the defendants bought their adjoining property over which the road in question extended, the plaintiff traveled the roadway occasionally in going to and coming from her property to cultivate her orchard and garden. The question is whether that use of the road by the plaintiff over the defendants' tract was permissive on the part of the owners of the dominant tract as a mere neighborly accommodation, or whether it ripened into a prescriptive right.

The defendants bought their 160-acre tract of land in November, 1941, from a man by the name of Duncan. Both parties to this action acquired their land from a common grantor. The roadway was originally constructed by the owner of the dominant tract, as a means of access from the public highway, upon which both ranches are contiguous, to his dwelling house. The two ranches were separated by a line fence. We may assume the roadway was not a way of necessity for the plaintiff because her property also borders on the public highway, although it was undoubtedly more convenient for her to travel that way.

The roadway crossed a bridge over a small creek from the public highway and extended southerly on defendants' land

close to plaintiff's northerly fenced line for a distance of less than one hundred feet past her garage and a gate into her premises, thence onward to the defendants' dwelling house and farm buildings. It was built and kept in repair by defendants' predecessor in title. It was a graveled road. The plaintiff's garage and gate were at her northern property line and opened onto the roadway. The plaintiff's husband held a mortgage on defendants' land. Before purchasing their ranch in November, 1941, the defendants talked with Mr. Duncan, their grantor, and with Mr. and Mrs. Smith about the title to their property and they were then given no notice whatever of plaintiff's claim of prescriptive right to use the roadway. Defendants claim to have had no knowledge or information whatever regarding that claim of easement until January, 1944, a little over one year before this action was commenced.

In November, 1941, the defendants bought the Duncan property, subject to the Smith mortgage. The defendants had lived in Sonoma County and they were not previously familiar with the land in question. Before purchasing the Duncan ranch they visited the property and observed the old roadway across the southerly portion of their premises and saw the garage, and gate into plaintiff's property. They testified, however, that the road into plaintiff's garage and property did not appear to have been traveled; that there was an intervening ditch twelve to eighteen inches deep, which had been washed out, and that there was no culvert crossing it; that the roadway in that vicinity was overgrown with grass, and they had no knowledge of the use of that roadway into plaintiff's property. About one year after the defendants bought and took possession of their farm they changed the course of the road to their buildings by constructing it in a more direct line from the highway to their dwelling house, and thereafter abandoned the circuitous way along the southern border of their land past the plaintiff's garage. At the time this change in the road was made, Mr. and Mrs. Smith talked with the defendants but made no objection to the alteration and failed to suggest that plaintiff claimed an easement over defendants' land. The defendants testified that the first time they learned of plaintiff's claim to the right of way was in January, 1944.

The plaintiff brought this suit October 13, 1944. The defendants denied the material allegations of the complaint and

filed a cross-complaint to quiet title to their ranch free and clear of the alleged right of way. At the trial the plaintiff stipulated that ''We are not claiming any right of way of record, we are claiming a right of way by prescription.'' We assume there is no issue as to a right of way by necessity. Both ranches border on the highway. It does not satisfactorily appear that the plaintiff may not have access to her property from the highway over her own land. That right of way by necessity is only incidentally referred to in the evidence. The court adopted findings favorable to the defendants in every essential respect. It was determined that the plaintiff did not acquire a right of way by prescription, or otherwise, to the roadway over the defendants' land. Judgment was accordingly rendered in favor of the defendants, from which this appeal was perfected.

The evidence is conflicting, but we may not hold as a matter of law there is not adequate proof to support the findings of the court that the plaintiff did not acquire the right of way by prescription.

It is true that the plaintiff and her husband testified that they traveled over the graveled roadway, without objection, from the highway across defendants' land to their garage and through the gate in the division fence from the time they purchased their adjoining ranch in March, 1936, whenever they wanted to use it, which was, as the plaintiff stated, ''sometimes probably two or three times a month, and again we would skip a month.'' She said that the ''road was there when we took the ranch over''; that it was the only road by means of which they could reach their orchard from the highway, and that they drove in that way to cultivate their orchard and their garden. The plaintiff said, ''I, myself, have gone up over this road perhaps two or three times a year.'' She however said that she never told either Mr. or Mrs. Skrbek that she claimed a right of way over their land ''prior to the time they built the new road up to their own property.'' Mr. Smith admitted that he talked with the defendants before they bought their adjoining land, but said ''I don't recall anything having been said about a right-of-way.'' He admitted that the culvert across the road in front of his garage had been washed out, and said ''I put in a new culvert probably a year ago.'' The replacing of the culvert would therefore have been about December, 1943, which was more than a year after the defendants changed the route and

built the new road in August, 1942, from the highway northerly to their own buildings, after which they claimed to have first had notice of the alleged right to use the way. Mr. Smith did not claim to have acquired that roadway as a matter of necessity, although he did say, "It would be rather difficult to build a road over the Smith lands to go up there." He stated that there was a gate near the garage which was kept closed, but not locked. Several other neighbors also testified they had seen Mr. or Mrs. Smith use that roadway occasionally.

We may assume from the testimony adduced by plaintiff that she and her husband used the roadway whenever they had occasion to travel that way; but such use is insufficient to establish a prescriptive title, unless there is evidence that such use was made for the prescriptive period, under claim of right made known to, or asserted in such a manner as to make known to, the titular owner a knowledge of the asserted claim. There is no evidence that plaintiff ever asserted any such claim to the previous owner, defendants' grantor, or that her occasional use of the road was not with his permission and as a neighborly accommodation. We cannot assume, in the absence of evidence, that the prior owner had knowledge, either actual or constructive, that plaintiff's use was hostile or adverse.

The defendants testified that they had no notice or knowledge that plaintiff claimed an easement over the roadway; that they never saw the plaintiff or any member of her family travel that way; that while they saw the garage and gate there was no evidence that the roadway had been traveled for a long period of time; that there was a ditch intervening between the plaintiff's property and the roadway which would prevent crossing it with a vehicle, and that a culvert over that ditch had been washed away and was not replaced until the plaintiff constructed it about one year before this action was commenced, after the defendants had changed the course of the roadway to their dwelling house and farm buildings. The defendants also testified that the roadway to the garage and through the gate had evidently not been traveled for a long time because it was overgrown with grass. Mr. Skrbek testified there was no evidence of the roadway having been traveled for a long time, and declared he had no notice of plaintiff's claim to a right-of-way "until last year." He said:

"I became the owner of this property in November, 1941. . . . I was not familiar with the ranch before I bought it, and never lived in that community. . . . For the first year I had a hired man on the place. . . . I began building the new road in the fall of 1942. . . . There was a road there but it wasn't traveled. It was a road, but no indication of travelling at the time I looked. . . . When I bought my place there was no one living up at the Smith place. There was a little garden up there. . . .

"During the time I was up there I never saw either Mrs. Smith or her husband or her son using the road. I saw tracks, but I never saw who made them. . . . I have never seen either Mr. or Mrs. Smith keep the car they use up in the garage. . . . There is an old Ford in that garage but [it] has never been out. Smith at no time ever said anything to me about using the road.

" . . . Before I bought this property I went to see Mr. Duncan who owned it. I made several trips up there. . . . I saw a ditch [across the old road] about eighteen inches deep, and there wasn't a track of any kind that showed that the road was travelled. The grass was green. If a car had travelled it, it would have been mashed down, and it was standing up. There was nothing to indicate that the road was in use, and at the time I looked there was no culvert. There was a ditch there, and I would say twelve to fourteen inches wide. In front of the garage there was no indication of anybody entering the garage. . . . Before I bought the property I stopped and asked Mrs. Smith if she could give me any information about the place, and she said nothing whatsoever except that her husband was holding a mortgage on it.

"The first time I knew Mrs. Smith claimed a right-of-way across the property was about a year ago, and in January, 1944, they claimed that I had changed a culvert and turned the course of water over their right-of-way. . . . I made the change in the road in the fall of 1942. Mrs. Smith was present when this new road was being built but she did not make any statement that she claimed a right-of-way.

" . . . There was a roadway, a graded roadway going up to my ranch, and over toward the Smiths there was a ditch. A culvert was put in last fall, and before the culvert was built it was impossible to drive a truck or tractor across the ditch. At the time I took possession in 1941 up to the

time the culvert was built it was impossible to take a truck, tractor or automobile up the road to the Smiths place. . . . I didn't look around to see if that was the only way Smith had of getting to his upper place, I never knew they went up there, . . . I didn't think there was anybody going through there. . . . There was nothing about a right-of-way discussed between us at all.''

Mrs. Skrbek testified to substantially the same facts related by her husband.

■ The right to the use of a roadway over another man's land may be acquired by grant or by prescription. A prescriptive right to a roadway may be secured only by clear evidence of adverse use, openly, notoriously and continuously asserted for a period of five years or more. The claim of right must be communicated to the owner of the land, or the use of the roadway must be so obvious as to constitute implied notice of the adverse claim. ■ The burden is on one who claims a prescriptive right to use a private roadway to affirmatively prove the essential elements thereof. (*Clarke* v. *Clarke,* 133 Cal. 667 [66 P. 10]; *Grimmesey* v. *Kirtlan,* 93 Cal.App. 658 [270 P. 243]; 1 Cal.Jur. 608, § 81; 2 C.J.S. 558, § 45.) ■ It is true that evidence of obvious, open, notorious and continuous use of a roadway for more than five years may constitute prima facie evidence of constructive notice of a claim of prescriptive right thereto which will require the owner to rebut the presumption by showing either that the road was not so used or that it was traveled by permission of the owner. (*Fleming* v. *Howard,* 150 Cal. 28 [87 P. 908]; *Shonafelt* v. *Busath,* 66 Cal.App.2d 5 [151 P.2d 873]; *Wallace* v. *Whitmore,* 47 Cal.App.2d 369 [117 P.2d 926].) ■ But, when the evidence of prescriptive use of the road or notice of its use is conflicting, it is the sole province of the trial judge to determine from all the facts and circumstances of the case whether a prescriptive title thereto has been established. (*Conaway* v. *Toogood,* 172 Cal. 706, 709 [158 P. 200]; *McMorris* v. *Pagano,* 63 Cal.App.2d 446, 450 [146 P.2d 944].) In the Shonafelt case, *supra,* at page 8, the court says in that regard:

'' . . . upon a *prima facie* showing of title by the plaintiff, it is solely the province of the trial court to determine whether the same has or has not been overcome or dispelled by evidence presented by the defendant.''

In the present case the trial court found that plaintiff did

not acquire a right to use the roadway by prescription or otherwise, and in support of its conclusion we may assume that it found either that plaintiff did not make a prima facie case, or that if it did so it was overcome by the testimony of defendants.

In the case of *Pollard* v. *Rebman*, 162 Cal. 633, it is said, at page 636 [124 P. 235], that the mere presence of a gate opening upon the property of another owner is not sufficient to constitute notice of a prescriptive right to use the property as a way to a public street. The court said:

"It cannot be said, as matter of law, that this gate alone was sufficient to give notice to any one that Rebman owned or claimed an easement across the intervening land from his gate to the public street for access to and from the street from his lot, or that it was sufficient to put an intending purchaser on inquiry as to such easement."

Moreover, in the present case, the approaches to the defendants' roadway from the gate and the garage were overgrown with grass. An open ditch intervened between them. The culvert had been washed out, and was not replaced until a short time before this suit was commenced. Mr. Skrbek testified there was no evidence of the use of that road into the garage or through the gate.

It is a reasonable presumption that since the roadway was constructed by the defendants' predecessor in title, upon his own land, for his personal benefit as means of access from the public highway to his dwelling house and farm buildings, that the plaintiff's use of the road was merely permissive, as a neighborly convenience. (*Jensen* v. *Gerrard*, 85 Utah 481 [39 P.2d 1070]; 28 C.J.S. 668, § 18 (2).) In the text last cited it is said:

"Where a landowner opens up a way on his own land for his own use and convenience, the mere use thereof by another, under circumstances which do not injure the road nor interfere with the owner's use of it, will not in the absence of circumstances indicating a claim of right be considered as adverse, and will not ripen into a prescriptive right no matter how long continued."

In this case there is no evidence that the plaintiff or her predecessor in title helped to construct or keep in repair the roadway over defendants' land. No actual notice of her claim of prescriptive right to travel the road was ever given. Although the defendants talked with her about their

title to the land before they purchased the ranch in November, 1941, and again while they were changing the course of the road in August, 1942, she failed to mention her claim to a right to use the road. Plaintiff's occasional use of the road for a short distance of less than a hundred feet from the highway to her garage and gate did not interfere in the least with defendants' use thereof. Since plaintiff's land also bordered on the highway there appears to be no satisfactory reason why she could not construct a road to her farm buildings and orchard upon her own land. Defendants' roadway was therefore not a way of necessity. There is substantial evidence, under the circumstances of this case, that plaintiff's use of the roadway was merely permissive. That must have been the theory upon which the trial judge determined that issue against the plaintiff.

 A claim of easement by necessity is ordinarily inconsistent with a claim of prescriptive right to use a private roadway. It has been held the use of a roadway from necessity, no matter how long it may have been so used, will never ripen into a prescriptive right for the reason that a way of necessity is deemed to be appurtenant to a grant of title and it cannot be converted into a prescriptive right so long as the necessity continues to exist. (*Martinelli* v. *Luis*, 213 Cal. 183 [1 P.2d 980]; 28 C.J.S. 674, § 18 k.) A way of necessity arises from the necessity alone and continues only so long as the necessity exists. (*Cassin* v. *Cole*, 153 Cal. 677 [96 P. 277]; *Irvin* v. *Petitfils*, 44 Cal.App.2d 496 [112 P.2d 688]; 28 C.J.S. 718, §54b.) It is immaterial that the roadway may have been a more convenient way for the plaintiff to secure access to her property.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.